PEOPLE v ADAMS

Docket No. 97985. Submitted April 6, 1988, at Detroit. Decided July 25, 1988. Leave to appeal applied for.

Linda M. Adams was charged with carrying a concealed weapon after a suitcase belonging to her was determined, through x-ray examination, to contain a revolver. The gun was found after a bellhop placed the suitcase on a conveyor belt at the Detroit Metropolitan Airport and the suitcase was x-rayed by a security guard. Defendant moved in the Wayne Circuit Court to quash the information alleging that there was no evidence showing that defendant knew the gun was present or that defendant was carrying the gun in any way. The trial court, Paul S. Teranes, J., granted defendant's motion to quash, ruling that defendant could not be said to have been carrying a concealed weapon since at the time the gun was discovered it was not within defendant's possession or reach. The people appealed.

The Court of Appeals held:

Defendant had no actual possession of the gun. On the facts of this case, defendant's actions do not bring her within the prohibitions of Michigan's concealed weapons statute. The gun was not within defendant's control and was not in close proximity to her.

Affirmed.

CRIMINAL LAW — CONCEALED WEAPONS — CONSTRUCTIVE POSSESSION.

Michigan's concealed weapons statute, which provides that a person shall not carry a pistol concealed on or about his person, is not intended to limit such prohibition to the carrying of such a weapon on the person, but, instead, is intended to include weapons held near or in close proximity to the defendant and within his convenient control and easy reach, so that the defendant could promptly use it if prompted to do so by any violent motive; the purpose of the statute is to discourage

REFERENCES

Am Jur 2d, Weapons and Firearms §§ 8 et seq.

Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.

quarrelling persons from suddenly drawing and using concealed weapons (MCL 750.227; MSA 28.424).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Henry L. Greenwood,* for defendant.

Before: HOLBROOK, JR., P.J., and MACKENZIE and N. A. BAGULEY,* JJ.

PER CURIAM. The people appeal as of right from an order of the circuit court quashing an information charging defendant with carrying a concealed weapon. MCL 750.227; MSA 28.424. We affirm.

Defendant was charged with carrying a concealed weapon. A preliminary examination was held on July 30, 1986, and defendant was bound over for trial on the charge. The transcript of the preliminary examination was not forwarded to this Court. However, at a hearing on defendant's motion to quash the information the following facts were given to the circuit court. On June 30, 1986, a security guard manning an x-ray machine at the Detroit Metropolitan Airport observed an unmarked suitcase containing a gun. The suitcase was placed on the conveyor belt by a bellhop from the Mariott Hotel. The guard who observed the gun called a deputy sheriff who arrived and also observed what appeared to be a gun. The suitcase was opened and a .357 caliber Smith & Wesson nickel-plated revolver was found inside a shaving kit, inside the suitcase. At some point, the details are unclear, defendant spoke up and claimed the suitcase.

Following a bindover, defendant moved to quash

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the information on grounds that no evidence was presented showing that defendant knew the gun was present or that defendant was carrying the gun in any way. Defendant argued that the "carrying" of the gun must be on or about the person and, in this case, no evidence was presented that the luggage holding the concealed weapon was "on or about" her person. Following arguments, the court granted defendant's motion to quash ruling (1) defendant could not be said to be carrying a concealed weapon since at the time the gun was discovered it was not within the possession of defendant or within her reach, and (2) the corpus delicti rule was violated here since no other proof independent of defendant's statement showed that the luggage belonged to defendant.

We find a holding regarding the circuit court's first ruling dispositive of this appeal and address only that issue. There is an apparent paucity of Michigan law defining the term "carrying" as it is used in the applicable statute. However, our Supreme Court, in defining the term in the context of carrying a concealed weapon in a motor vehicle, noted:

> The case law indicates that the concepts of "carrying" and "possession" have much in common. See *State v Benevides,* 425 A2d 77 (RI, 1981), which states that a defendant carries a weapon when he exercises some element of intentional control or dominion over it. Most jurisdictions have held that this control need not amount to "actual possession" but that it encompasses "constructive possession" of the forbidden instrument as well. See *Brown v United States,* 58 US App DC 311; 30 F2d 474 (1929). [*People v Butler,* 413 Mich 377, 390, n 11; 319 NW2d 540 (1982).]

In *Brown, supra,* the Court of Appeals for the

District of Columbia examined the meaning of the term "on or about" the person as used in the federal counterpart to Michigan's concealed weapons statute. There, the court opined that from this language Congress did not intend to limit prohibition to the carrying of such a weapon on the person, but, instead, intended the term to include weapons held near or in close proximity to defendant, and within his convenient control and easy reach, so that defendant could promptly use it, if prompted to do so by any violent motive. *Brown, supra,* 30 F2d 475.

Michigan's concealed weapons statute has similar language and provides that a person shall not carry a pistol concealed on or about his or her person. MCL 750.227(2); MSA 28.424(2). Here, it is clear defendant had no "actual possession" of the gun since it was in her suitcase on a conveyor belt at the time it was discovered. We are thus left with the question of whether we can declare "constructive possession" of the weapon on the facts of this case. On the facts of this case, we cannot declare that the weapon in question was "on or about the person" of defendant. The gun was in a suitcase not within her control and was not in close proximity to her. Accordingly, we cannot declare that the circuit court abused its discretion in quashing the information.

Our ruling is supported by the Michigan Legislature's intent in enacting the concealed weapons statute; that was, to discourage quarrelling persons from suddenly drawing and using concealed weapons. See *People v Shelton,* 93 Mich App 782; 286 NW2d 922 (1979). On the facts of this case, this harm would not be prevented by applying the instant statute to defendant's behavior. 49 USC 1472 embodies the federal government's response to attempts by individuals to bring weapons

aboard planes, either in carry-on luggage or in luggage to be stored in the cargo hold. Possibly, defendant could be prosecuted under this statute. However, defendant's actions in the instant case do not bring her within Michigan's concealed weapons statute.

Affirmed.

HOLBROOK, JR., P.J., concurred in the result only.