PEOPLE v NIMETH

Docket No. 205525. Submitted February 2, 1999, at Lansing. Decided July 23, 1999, at 9:15 A.M.

Kenneth S. Nimeth was convicted by a jury in the Saginaw Circuit Court, William A. Crane, J., of carrying a pistol in a motor vehicle and possession of a firearm by a felon. He was sentenced as a fourth-offense habitual offender to concurrent prison terms of two to five years for each conviction. The court thereafter sua sponte amended the judgment of sentence to indicate that the prison terms for the current offenses were to run consecutively to a prior sentence imposed for a conviction of felony escape from prison, from which conviction the defendant was on parole when he committed the current offenses. The defendant appealed.

The Court of Appeals *held*:

1. Any space created within the area of a motor vehicle, by design or happenstance, can serve as a receptacle for an item. The pistol wedged in a space by the engine of the defendant's motorcycle at the time he was stopped by the police fell within the plain meaning of the term "in" and thus was properly found to be "in" the motorcycle for purposes of the statute prohibiting the carrying of a pistol in a vehicle. MCL 750.227(2); MSA 28.424(2). There is no requirement that the pistol be completely enclosed to be considered in a motor vehicle.

2. There was sufficient evidence to establish that the defendant was carrying the pistol at the time of his arrest.

3. The prosecution did not have to negate every reasonable theory consistent with the defendant's innocence.

4. MCL 750.227; MSA 24.424 is not unconstitutionally vague. The plain meaning of the statute serves to provide fair notice of the type of conduct prohibited by the statute and prevent abuses in its application.

5. The evidence does not support the defendant's argument that the pistol was seized pursuant to an illegal arrest. The pistol was justifiably seized.

6. Defense counsel's failure to move for suppression of evidence of the pistol was not ineffective assistance of counsel.

7. Evidence regarding the fact that the defendant and his brother were allegedly involved in a felonious assault several hours before they were arrested was properly admitted. The evidence was relevant, offered for a proper purpose, and its probative value was not substantially outweighed by unfair prejudice.

8. Alleged improper comments by the prosecutor were proper arguments and comments regarding the evidence presented.

9. The court erred in amending the judgment of sentence sua sponte. The convictions must be affirmed and the matter must be remanded for resentencing.

Affirmed and remanded.

1. WEAPONS — CARRYING PISTOL IN MOTOR VEHICLE — WORDS AND PHRASES — IN.

Something may be considered to be "in" an object as long as it is within the limits, bounds, or area of that object; any space created within the area of a motor vehicle, by design or happenstance, may serve as a receptacle for a pistol for purposes of the statute prohibiting the carrying of a pistol in a motor vehicle; a pistol need not be completely enclosed to be considered "in" a motor vehicle; a pistol lodged in a space existing near the engine of a motorcycle may be considered to be "in" the motorcycle for purposes of the statute (MCL 750.227[2]; MSA 28.424[2]).

2. WEAPONS — CARRYING PISTOL IN MOTOR VEHICLE.

The prosecution must show three things to support a conviction of carrying a pistol in a vehicle: the presence of a pistol in a vehicle operated or occupied by the defendant, that the defendant knew or was aware of its presence, and that the defendant was carrying it (MCL 750.227[2]; MSA 28.424[2]).

3. PROSECUTING ATTORNEYS — BURDEN OF PROOF.

The prosecution need not negate every reasonable theory consistent with a defendant's innocence, even in a case relying on circumstantial evidence; the prosecution must introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence the defendant may provide.

4. CONSTITUTIONAL LAW — WEAPONS — MOTOR VEHICLES.

The statute that prohibits the carrying of a pistol in a motor vehicle is not unconstitutionally vague; the plain meaning of the statute serves to provide fair notice of the type of conduct prohibited by the statute and prevent abuses in its application (MCL 750.227; MSA 28.424).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *Catherine Langevin Semel*, Assistant Prosecuting Attorney, for the people.

*Smith & Brooker, P.C.* (by *George B. Mullison*), for the defendant on appeal.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and O'CONNELL, JJ.

PER CURIAM. Defendant was convicted by a jury of carrying a pistol in a motor vehicle, MCL 750.227(2); MSA 28.424(2), and possession of a firearm by a felon (hereinafter felon in possession), MCL 750.224f; MSA 28.421(6). Defendant was sentenced as an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, to concurrent prison terms of two to five years for each conviction.[1] We affirm defendant's convictions and remand for resentencing.

In the early morning hours of September 2, 1996, a Saginaw city police detective was dispatched to investigate a report of a felonious assault. Persons located at the residence where the alleged assault occurred told the officer that defendant's brother had been there carrying a handgun and threatening to shoot everyone. Defendant was also at the residence at the time of the assault. Thereafter, defendant and his brother left, riding in tandem on defendant's motorcy-

---

[1] Defendant was sentenced on June 4, 1997. The original judgment of sentence was filed with the clerk of the court on June 6, 1997. On June 27, 1997, the trial court sua sponte amended the judgment of sentence to indicate that the prison terms for the current offenses were to run consecutively to a prior sentence imposed for felony escape from a prison, from which conviction defendant was on parole when he committed the current crimes.

cle. The police broadcast a bulletin for officers to be on the lookout for two men riding on a motorcycle, one of whom was believed to be armed with a handgun.

Approximately one hour later, a patrol officer saw two men on a motorcycle in an area about two blocks from the residence. Defendant was operating the motorcycle. After radioing the location, the officer requested the defendant to stop the motorcycle. Other officers arrived and defendant and his brother were handcuffed and placed in the back of a patrol car. The officer who first spotted the two then examined the motorcycle. When he bent down, the officer noticed a handgun wedged in a space by the engine. Defendant and his brother were subsequently arrested.

Defendant argues on appeal that he was erroneously convicted of carrying a pistol in a motor vehicle because there was no evidence that the gun in question was *in* the motorcycle at the time of his arrest. We disagree. MCL 750.227(2); MSA 28.424(2) reads:

> A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

Defendant contends that it is impossible to carry something *in* a motorcycle unless it is kept in a closed compartment or receptacle that is either a part of the motorcycle or attached to the motorcycle (e.g., a saddlebag). Defendant argues that while the gun

may have been *on* the motorcycle, because there was no evidence that the gun was in a sealed compartment, he cannot be convicted under the statute.

Defendant's argument is based on a strained reading of MCL 750.227(2); MSA 28.424(2). "Statutory interpretation is a question of law reviewed de novo on appeal." *People v Williams*, 226 Mich App 568, 570; 576 NW2d 390 (1997). "The overriding goal guiding judicial interpretation of statutes is to discover and give effect to legislative intent." *People v Parker*, 230 Mich App 677, 685; 584 NW2d 753 (1998). "Unless defined in the statute, every word or phrase therein should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *People v Hack*, 219 Mich App 299, 305; 556 NW2d 187 (1996).

Defendant's argument is predicated on the erroneous premise that the word *in* can only be properly used to describe the condition of being sealed inside some type of receptacle specifically designed to hold or carry items. The word *in* is defined as meaning: "*1.a.* Within the limits, bounds, or area of . . . . *b.* From the outside to a point within; into . . . ." *The American Heritage Dictionary of the English Language* (3d ed, 1996), p 910. As this definition indicates, something may be considered to be *in* an object as long as it is "[w]ithin the limits, bounds, or area of" that object. Accordingly, any space created within the area of a motor vehicle, be it by design or happenstance, can serve as a receptacle for an item. Further, there is nothing in this definition that indicates that a gun must be completely enclosed to be

considered *in* a motor vehicle.[2] A gun lodged in a space existing near the engine of a motorcycle falls squarely within the plain meaning of the term and is thus considered to be *in* the motorcycle for purposes of the statute.

Additionally, we note that the general purpose behind the concealed weapon statute[3] is "to prevent the possibility that quarrelling persons would suddenly draw a hidden weapon without notice to other persons." *People v DeLeon*, 177 Mich App 306, 308; 441 NW2d 85 (1989). Accord *People v Cunningham*, 20 Mich App 699, 703; 174 NW2d 599 (1969). Defendant's reading of MCL 750.227(2); MSA 28.424(2) limits the reach of the statute to such an extent that it would effectively undermine this goal and subvert legislative intent. A pistol lodged under the seat of a motorcycle in a space near the engine is readily accessible to anyone riding on that motorcycle and thus could be unexpectedly drawn and used. Indeed, we believe the threat posed in such a situation is far greater than if the pistol were sealed inside a saddlebag.

Next, defendant argues that even if the statute is applicable, there was insufficient evidence adduced at trial to establish both that the gun was in the motorcycle and that he was carrying or in possession of the weapon. We disagree. "In determining whether sufficient evidence has been presented to sustain a con-

---

[2] It appears to us that under defendant's reading of the statute, a gun lying on the front seat of a convertible might be considered to be *in* the car if the top was up, but not if the top was down. Indeed, stretched to its logical, albeit absurd, limits, defendant's definition would preclude a finding that a gun was *in* a car if it was lying in the passenger compartment and one or more of the windows happened to be ajar.

[3] MCL 750.227; MSA 28.424.

viction, an appellate court is required to view the evidence in a light most favorable to the prosecution [to] determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Jaffray*, 445 Mich 287, 296; 519 NW2d 108 (1994). "Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of a crime." *People v Jolly*, 442 Mich 458, 466; 502 NW2d 177 (1993). "To support a conviction for carrying a weapon in [a vehicle], the prosecution must show: (1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, and (3) that he was 'carrying' it." *People v Courier*, 122 Mich App 88, 90; 332 NW2d 421 (1982).

After reviewing the record in its entirety, we are persuaded that there is sufficient evidence in the record to establish that defendant was carrying the weapon at the time of his arrest. See *People v Adams*, 173 Mich App 60, 63; 433 NW2d 333 (1988); *Courier, supra* at 91. Evidence was presented at trial establishing that the gun was lodged in the motorcycle in a location that made the weapon readily accessible to defendant. The evidence also established that defendant owned the motorcycle and was driving it at the time he was stopped by the police. We conclude that it is reasonable to infer from this evidence that defendant was indeed carrying the gun. See *People v Emery*, 150 Mich App 657, 667; 389 NW2d 472 (1986).

Next, defendant argues that his convictions should be reversed because the prosecution failed to negate every reasonable theory consistent with defendant's innocence. Defendant misunderstands the burden of

proof placed on the prosecution. As the Michigan Supreme Court observed in *People v Konrad*, 449 Mich 263, 273, n 6; 536 NW2d 517 (1995): "Even in a case relying on circumstantial evidence, the prosecution need not negate every reasonable theory consistent with the defendant's innocence, but merely introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence the defendant may provide." Accord *People v Wolford*, 189 Mich App 478, 480; 473 NW2d 767 (1991). Accordingly, defendant's assertion lacks merit.

Defendant further contends that MCL 750.227; MSA 28.424 is unconstitutionally vague. Again, we disagree. "We review de novo a challenge to a statute's constitutionality under the void-for-vagueness doctrine." *People v Wilson*, 230 Mich App 590, 594; 585 NW2d 24 (1998). A statute is considered to be unconstitutionally vague if it "(1) does not provide fair notice of the type of· conduct prohibited or (2) encourages subjective and discriminatory application by delegating to those empowered to enforce the [statute] the unfettered discretion to determine whether the [statute] has been violated." *Plymouth Charter Twp v Hancock*, 236 Mich App 197, 200; ___ NW2d ___ (1999). Accord *Kolender v Lawson*, 461 US 352, 352; 103 S Ct 1855; 75 L Ed 2d 903 (1983).

Defendant's argument is based on the meaning he assigns to the word *in*. We have already rejected this meaning as not being in accord with the common understanding of the term. Therefore, contrary to defendant's assertions, we believe the plain meaning of the statute serves to provide fair notice of the type of conduct prohibited by the statute and prevent abuses in its application. *Hancock, supra* at 201; *Peo-*

*ple v Vronko*, 228 Mich App 649, 653; 579 NW2d 138 (1998).

Defendant also argues that he is entitled to a new trial because the gun was seized pursuant to an illegal arrest. We hold this argument to be without merit. Given that defendant and his brother were suspected of having been involved in a felonious assault, and the police were operating under the belief that one of the two men was still armed with a handgun, we believe the officer's detention of defendant was a reasonable safety precaution. See *People v Zuccarini*, 172 Mich App 11, 14; 431 NW2d 446 (1988). Also, the record establishes that the officer's investigatory stop of defendant was based on a particularized suspicion that defendant had been one of the men involved in the felonious assault earlier in the evening. *People v McCrady*, 213 Mich App 474, 482; 540 NW2d 718 (1995). The officer who stopped defendant testified that he did so because defendant was spotted in a location near where the assault occurred, riding in tandem on a motorcycle with another man. Finally, the record clearly indicates that the police were justified in seizing the gun, which was plainly visible in the motorcycle. *People v Champion*, 452 Mich 92, 101; 549 NW2d 849 (1996).

In a related matter, defendant asserts that defense counsel's failure to move for suppression of evidence of the gun evidences ineffective assistance of counsel. We disagree. To establish that he did not receive effective assistance of counsel, defendant must show that "(1) the performance of counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional

errors, the outcome of the proceedings would have been different." *People v Plummer*, 229 Mich App 293, 307; 581 NW2d 753 (1998). Because we have determined that the gun was justifiably seized, we conclude that defendant cannot show that he was prejudiced by counsel's inaction. See *People v Warren*, 228 Mich App 336, 356; 578 NW2d 692 (1998) ("Defense counsel is not required to make useless motions.").

Next, defendant argues that he was denied a fair trial when the trial court allowed into evidence testimony that he and his brother had allegedly been involved in a felonious assault several hours before defendant was arrested. Specifically, defendant contends that the testimony constitutes bad-acts evidence and that the admission of the testimony did not satisfy the standards articulated in *People v VanderVliet*, 444 Mich 52; 508 NW2d 114 (1993).[4] Initially, we note that defendant failed to raise at trial a specific and timely objection to the testimony. Consequently, appellate review is precluded "unless the error could have been decisive of the outcome or unless it falls under the category of cases . . . where prejudice is presumed or reversal is automatic." *People v Grant*, 445 Mich 535, 553; 520 NW2d 123 (1994).

---

[4] Under *VanderVliet*, bad-acts evidence may be admitted if the following standards are satisfied:

> First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury. [*VanderVliet, supra* at 55.]

The *Grant* standard is not applicable, however, if the introduction of the evidence was not error in the first place. We see no error in the admission of this testimony. The testimony established why defendant was stopped by the officer and why he was secured before the police searched his motorcycle. The evidence was, therefore, both relevant and offered for a proper purpose. *VanderVliet, supra* at 74. We also do not believe that the probative value of this evidence was substantially outweighed by unfair prejudice. *Id.* at 74-75. Further, we note that in addition to not objecting to the evidence, defendant did not request that the trial court give a limiting instruction to the jury. *Id.* at 75.[5]

Defendant next claims that the prosecutor committed misconduct at two points in the trial. First, defendant asserts that during his closing argument the prosecutor (1) argued facts not in evidence, (2) interjected his personal beliefs regarding the case, (3) shifted the burden of proof, and (4) introduced improper "gang" evidence into the proceedings. Second, defendant asserts that the prosecutor acted improperly in introducing evidence that defendant had been convicted of escape from prison. Because defendant's allegations are unpreserved, appellate review is precluded unless the prejudicial effect could not have been cured by a cautionary instruction or if the failure to consider the issue would result in a miscarriage of justice. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).

---

[5] Defendant mistakenly characterizes the testimony as hearsay. Because it was admitted for the purpose of establishing why defendant was stopped, detained, and searched, and not for the truth of the matter asserted, it is by definition nonhearsay. MRE 801.

Having reviewed in context the challenged remarks made during the prosecutor's closing argument, we conclude that our failure to consider the issue would not result in a miscarriage of justice. In each instance cited by defendant, the prosecutor was properly arguing and commenting on the evidence introduced at trial. *People v Pegenau*, 447 Mich 278, 299; 523 NW2d 325 (1994). The prosecutor did not argue facts not in evidence, but rather commented on the evidence that had been presented. Nor did the prosecutor interject his personal beliefs regarding either defendant's guilt or the facts of the case. We also reject the notions that by commenting on defendant's theory of the case the prosecutor somehow shifted the burden of proof, or that by asking one of the testifying police officers about his employment the prosecutor interjected into the trial irrelevant and improper evidence.

We also reject defendant's second allegation of misconduct. In order to prove a defendant's guilt of a charge of felon in possession, the prosecution must establish that the defendant was convicted of a felony as set forth in MCL 750.224f(2); MSA 28.421(6)(2). *Parker, supra.* In the absence of any evidence that defendant offered to admit or stipulate his prior felony conviction, see *Old Chief v United States*, 519 US 172, 186; 117 S Ct 644; 136 L Ed 2d 574 (1997), the prosecutor was within his right to introduce the challenged evidence. See *United States v Kincaide*, 145 F3d 771, 783 (CA 6, 1998).

Finally, we agree with defendant that the trial court acted improperly in amending sua sponte the judgment of sentence to reflect that the sentences imposed were to run consecutively to the sentence for which defendant was on parole when he commit

ted the current crimes. *People v Thomas*, 223 Mich App 9, 11; 566 NW2d 13 (1997). We therefore remand for resentencing.

Defendant's convictions are affirmed. We remand for resentencing. We do not retain jurisdiction.