# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GUADALUPE MALDONADO,

        Defendant-Appellant.

UNPUBLISHED
March 19, 2015

No. 319566
Wayne Circuit Court
LC No. 12-011910-FH

Before: BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

PER CURIAM.

Defendant, Guadalupe Maldonado, appeals as of right his conviction of carrying a concealed weapon in a vehicle, MCL 750.227(2), following a jury trial. The trial court sentenced him to serve 4 to 10 years' imprisonment as a fourth-offense habitual offender, MCL 769.12. We affirm.

## I. FACTS

In February 2012, three DEA Task Force Officers drove in an unmarked car to an address in Detroit. The officers intended to place a GPS tracking device on a Cadillac Escalade pursuant to a search warrant. As two of the officers walked toward the Escalade, Maldonado and Jessica Brady left a nearby house and entered the Escalade. The officers decided not to place the tracking device and instead continued walking toward their car, in which a third officer was waiting. At that point, the Escalade pulled alongside the officers' car. The officers heard gunshots and saw muzzle flashes from inside the Escalade.

After apprehending Maldonado and Brady, officers recovered a semiautomatic pistol from the Escalade's driver's side floorboard. Officers determined that Brady had a concealed pistol license, and witnesses testified that the gun belonged to Brady. One witness testified that he saw Brady handle the gun on one occasion when Maldonado was present, but Maldonado did not touch the gun. Brady and Maldonado had previously applied for a permit to use a gun range, and there was no record that either rented a gun. A latent print examiner with the Michigan State Police Crime Laboratory found one of Maldonado's fingerprints on the pistol's magazine.

The jury found Maldonado guilty of carrying a concealed weapon, but acquitted him of three counts of assault with intent to commit murder, one count of felon in possession of a firearm, one count of discharging a firearm from a vehicle, and one count of possessing a firearm

-1-

during the commission of a felony. When sentencing Maldonado, the trial court assessed ten points under offense variable (OV) 9 because the sentencing offense involved three victims. Maldonado appeals his conviction and sentence.

## II. CARRYING A CONCEALED WEAPON

First, Maldonado contends that the trial court improperly instructed the jury when it instructed them on possession, but not on "carrying." We disagree.

When reviewing a claim of instructional error, this Court views the instructions as a whole to determine whether the issues to be tried were adequately presented to the jury. *People v Martin*, 271 Mich App 280, 337-338; 721 NW2d 815 (2006). Generally, we review de novo questions of law, including whether an omitted instruction violated a defendant's due process rights. *Id*. But to preserve an issue for appellate review, the defendant must make a timely objection before the trial court. *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). If a defendant fails to do so, we review the issue for plain error. *Id*. at 278. The trial court commits plain error when an error occurred, it was clear or obvious, and it affected the defendant's substantial rights. *Id*. at 279.

The elements of carrying a concealed weapon in a vehicle are that (1) there was a weapon present in a vehicle that the defendant operated or occupied, (2) the defendant knew the weapon was present, and (3) the defendant was carrying the weapon. *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999). A defendant's mere knowledge of a weapon while being present near it does not constitute carrying a weapon. *People v Butler*, 413 Mich 377, 384; 319 NW2d 540 (1982). A defendant carries a weapon when the defendant "exercises some element of intentional control or dominion" over the weapon. *Id*. at 390 n 11. Whether the defendant carried a weapon depends on the presence of several factors, including

> (1) the accessibility or proximity of the weapon to the person of the defendant, (2) defendant's awareness that the weapon was in the motor vehicle, (3) defendant's possession of items that connect him to the weapon, such as ammunition, (4) defendant's ownership or operation of the vehicle, and (5) the length of time during which defendant drove or occupied the vehicle. [*Id*.]

Similarly, a defendant has constructive possession of a firearm when the defendant has "proximity to the article together with indicia of control." *People v Hill*, 433 Mich 464, 470-471; 446 NW2d 140 (1989). See *Butler*, 413 Mich at 390 n 11.

In this case, the trial court instructed the jury on actual and constructive possession. As can be seen above, "carrying" a weapon is essentially the same thing as "possessing" a weapon. Both require that the defendant knows a weapon is present and exercises dominion or control over it. Further, a review of the instructions as a whole indicates that the trial court's instructions adequately presented this issue to the jury. We conclude that the trial court did not plainly err when it instructed the jury on possessing a weapon rather than instructing it on carrying a weapon.

Second, Maldonado contends that the evidence was not sufficient to support his conviction because he did not carry the gun. Again, we disagree.

-2-

A claim that the evidence was insufficient to convict a defendant invokes that defendant's constitutional right to due process of law. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992). This Court reviews de novo issues involving the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). We review the evidence in a light most favorable to the prosecutor to determine whether a rational trier of fact could find that the prosecutor proved the crime's elements beyond a reasonable doubt. *Nimeth*, 236 Mich App at 622. We will not interfere with the trier of fact's role to determine the weight of the evidence or the credibility of the witnesses. *Wolfe*, 440 Mich at 514-515; *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime, including the defendant's state of mind, knowledge, or intent. *Nimeth*, 236 Mich App at 622.

In this case, witnesses testified that Brady owned the gun and that Maldonado had been present when Brady was handling it. Brady and Maldonado went to a gun range together, and there was no indication that either rented a different weapon. Maldonado's fingerprint was on the gun's magazine. Given this evidence, the jury could reasonably infer that Maldonado knew that Brady's gun was in the vehicle and he exercised dominion and control over it, even if it concluded that he was not the person who shot at the officers. Further, a jury may render inconsistent verdicts. *People v Vaughn*, 409 Mich 463, 464; 295 NW2d 354 (1980). Therefore the jury's inconsistent verdicts regarding felon in possession of a firearm and possessing a firearm during the commission of a felony do not require this Court to overturn Maldonado's conviction. We conclude that sufficient evidence supported Maldonado's conviction.

III. OV 9

Maldonado contends that the trial court improperly assessed ten points under OV 9. According to Maldonado, the trial court considered conduct outside his sentencing offense, and there were no victims of his crime because the jury found that Maldonado was not the shooter. We disagree.

This Court reviews for clear error the trial court's findings supporting its decisions to assess points under the sentencing guidelines. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). A finding is clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

The trial court scores OV 9 if victims are placed in danger of death or physical injury. MCL 777.39(1). The trial court properly assesses 10 points under OV 9 when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death[.]" MCL 777.39(1)(c). The trial court may not consider conduct after the completion of the sentencing offense when assessing OV 9. *People v McGraw*, 484 Mich 120, 133-134; 771 NW2d 655 (2009).

Two or more persons can constructively possess a firearm at the same time. *Hill*, 433 Mich at 470. Whether Maldonado personally shot at the victims in danger is not determinative. For the reasons stated in the previous section, there was sufficient evidence to find that Maldonado was carrying a concealed weapon in the vehicle. The weapon was shot several times at the three officers. There is no indication that Maldonado's knowledge or control of the gun

was interrupted during the shooting. Accordingly, there was sufficient evidence from which the trial court could find that, while Maldonado was carrying a concealed weapon, three victims were placed in danger of death or physical injury. We conclude that the trial court did not err when it assessed ten points under OV 9.

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Peter D. O'Connell