*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSEPH DEANDRE STEVEN KEIN,

Defendant-Appellant.

UNPUBLISHED
January 29, 2019

No. 340909
Wayne Circuit Court
LC No. 17-003326-01-FH

Before: MURRAY, C.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of carrying a concealed weapon (CCW), MCL 750.227. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to two to five years' imprisonment. We affirm.

This case arises out of a traffic stop. Police Officer Vincent Bastine noticed a vehicle travelling at a high rate of speed. He activated his police car's emergency lights to initiate a traffic stop for speeding. The vehicle continued to drive for three blocks before turning into a do-it-yourself car wash and stopping in the carport. Defendant was in the front-passenger seat of the vehicle. Police Officer Matthew Nasierowski arrived at the scene to assist and saw an empty handgun holster wedged into the seam between the driver's and front passenger's seats. A search of the area outside the car uncovered a .380 caliber handgun. Defendant admitted that he owned the gun and was arrested. While in custody, defendant admitted that he threw the gun out the car window.

Defendant argues that there was insufficient evidence to support his CCW conviction. We disagree.[1]

---

[1] "A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact

MCL 750.227(2) generally prohibits a person from carrying a concealed weapon in a vehicle operated or occupied by the person without a license to do so. Defendant does not argue that any exception to MCL 750.227(2) applies. The prosecution was therefore required to prove "(1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, and (3) that he was carrying it." *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999). "Due process requires that, to sustain a conviction, the evidence must show guilt beyond a reasonable doubt." *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005).

There was strong circumstantial evidence that the recovered gun was in the vehicle while defendant was an occupant. Nasierowski found an empty holster stuck in the seam between the front seats. Bastine searched for and located the gun near the route that the vehicle travelled as it pulled into the car wash parking lot. Accordingly, a jury could reasonably infer that the gun was thrown from the vehicle as it turned into the car wash parking lot.

There was also sufficient circumstantial evidence to show that defendant knew or was aware of the presence of the gun. Defendant was in the passenger seat of the vehicle. Nasierowski found the holster in the seam of the front seat between the driver's and passenger's seats. Viewing the evidence in the light most favorable to the prosecution, and drawing reasonable inferences therefrom, the gun had been in the holster in the seam next to defendant. Additionally, defendant admitted that the gun was his. Therefore, a jury could reasonably conclude that defendant had knowledge of the gun.

Finally, there was sufficient evidence to establish that defendant carried the gun. Despite the inference that defendant knew about the pistol in the vehicle, the prosecution is required to present evidence that defendant carried the gun. *People v Butler*, 413 Mich 377, 385-386; 319 NW2d 540 (1982). The following factors are relevant in determining whether defendant carried the gun:

> (1) the accessibility or proximity of the weapon to the person of the defendant, (2) defendant's awareness that the weapon was in the motor vehicle, (3) defendant's possession of items that connect him to the weapon, such as ammunition, (4) defendant's ownership or operation of the vehicle, and (5) the length of time during which defendant drove or occupied the vehicle. [*Id*. at 390 n 11.]

As noted, evidence was presented at trial that the holster was wedged into the seam next to defendant's seat. Thus, the gun was readily accessible to defendant, and a reasonable inference supports the conclusion that defendant was also aware of the gun next to his seat. While there was no testimony as to whether defendant possessed any ammunition for the gun,

---

could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014).

defendant admitted that he owned the gun.[2]  Accordingly, there was sufficient evidence for a reasonable jury to infer that defendant carried the gun.  Thus, viewed in the light most favorable to the prosecution, there was sufficient circumstantial evidence of each element for a jury to convict defendant of carrying a concealed weapon.

Affirmed.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

[2] Defendant argues that the evidence of the police car video shows that he only admitted that the gun was his in order to protect his girlfriend, the driver.  Whether defendant was carrying a gun presented a question of fact for the jury, and it apparently did not find this explanation credible.