*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILLIAM JEFFERY WHITMORE,

Defendant-Appellant.

UNPUBLISHED
April 11, 2019

No. 340114
St. Clair Circuit Court
LC No. 17-000263-FH

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for carrying a concealed weapon (CCW), MCL 750.227, resisting and obstructing a police officer, MCL 750.81d(1), operating a vehicle with a suspended license, MCL 257.904(3)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a third habitual offender, MCL 769.11. For the reasons stated below, we affirm.

## I. BACKGROUND

This case arises out of a traffic stop in Port Huron, Michigan, during which defendant resisted arrest and the police found a handgun in the vehicle. The Port Huron Police Department received an anonymous tip that defendant would be at an arena; the tipster also described the clothes that defendant was wearing and the vehicle that he was driving. The officers who were dispatched testified that they were informed that there were two outstanding warrants for defendant's arrest for unpaid child support. The officers pulled a photograph of defendant, and they learned that defendant had a suspended driver's license.

Upon arriving at the arena parking lot, the officers identified a vehicle matching the description provided by the tipster. One of the officers ran the vehicle's license plate and discovered that the vehicle was registered to Nancy Whitmore, who lived at the same address as defendant. The officers did not initially see if someone was in the vehicle, but the vehicle soon started up and exited the parking lot. One of the officers initiated a traffic stop and upon approaching the vehicle both officers identified defendant as the driver of the vehicle. The officers ordered defendant out of the vehicle and he refused; they extricated defendant through

-1-

force and threat of Taser use. One of the officers then returned to the vehicle and made contact with the passenger of the vehicle. During that conversation, the officer observed a loaded handgun magazine in the center console area. After escorting the passenger away from the vehicle, the officer found a loaded handgun inside the glove box. The officers then determined that defendant did not have a concealed pistol license.

## II. SEARCH AND SEIZURE

Defendant first contends that the officers did not have a "reasonable suspicion" necessary to perform the traffic stop leading to his arrest and discovery of the handgun. We disagree.[1]

The United States and the Michigan Constitutions grant individuals the right to be secure against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. One of the categories of "seizures" guarded by the Fourth Amendment is the investigatory stop, which is a brief, non-intrusive detention. *People v Bloxson*, 205 Mich App 236, 241; 517 NW2d 563 (1994). Police officers are allowed to make an investigative stop and briefly detain an individual if the officer has a reasonable, articulable suspicion that the person is engaged in criminal activity. *People v Oliver*, 464 Mich 184, 192; 627 NW2d 297 (2001). The reasonableness of an officer's suspicion is determined on a case-by-case basis while examining the totality of all the facts and circumstances. *People v LoCicero*, 453 Mich 496, 501-502; 556 NW2d 498 (1996).

Defendant contends that the stop in this case was unlawful because the anonymous tip was uncorroborated.[2] "[I]nformation from known informants may supply reasonable suspicion where it carries sufficient indicia of reliability." *People v Faucett*, 442 Mich 153, 168; 499 NW2d 764 (1993). While the tip, by itself, did not provide the officers with any articulable suspicion that defendant was engaged in criminal activity, the officers discovered prior to stopping the vehicle that defendant had two outstanding warrants and a suspended license. Thus, the officers' reasonable suspicion of criminal activity was based on information obtained independently from the tipster. Defendant also argues that the officers should have confirmed that he (or at least someone matching his description) was driving the vehicle before initiating the stop. However, the officers had reason to believe that defendant was the driver. The officers discovered a vehicle matching the provided description in the arena parking lot and learned that vehicle was registered to a Nancy Whitmore, who shared a last name and address with defendant. This information gave the tip an "indicia of reliability" and provided the officers a reasonable suspicion to stop and investigate the vehicle. Accordingly, the stop was legal and the circuit court correctly denied defendant's motion to suppress. Because the stop was legal,

---

[1] Defendant raised this issue before the circuit court, and the court denied his motion to suppress. We review the trial court's factual findings for clear error, but we review de novo whether the officer's had reasonable suspicion to stop defendant's vehicle. See *People v Bloxson*, 205 Mich App 236, 245; 517 NW2d 563 (1994).

[2] On appeal, defendant does not challenge the search of the vehicle and therefore we will not address it.

defendant's contention that he was justified in resisting the officer's order to exit the vehicle is without merit. See *People v Moreno*, 491 Mich 38; 814 NW2d 624 (2012).

In his Standard 4 Brief, defendant asserts that he had outstanding civil infractions, not arrest warrants, and that the circuit court erred by not requiring the prosecution to produce the alleged arrest warrants. MCL 764.15(1)(e) provides police officers with the ability to arrest a defendant without a warrant if they receive information from an "authoritative source" that "another peace officer or a court holds a warrant for the person's arrest." The officers in this case were informed that there were warrants for defendant's arrest. If that information was inaccurate, it would not necessarily render the stop illegal because "searches and seizures based on mistakes of fact can be reasonable." *Heien v North Carolina*, ___ US ___, ___; 135 S Ct 530, 536; 190 L Ed 2d 475 (2014). Further, the stop would nonetheless be justified because the officer who initiated the stop knew that defendant had a suspended license.

### III. WAIVER OF DEFENDANT'S RIGHT TO COUNSEL

Defendant next contends that the district court and circuit court failed to substantially comply with the requirements for permitting him to waive his right to counsel. We disagree.

A criminal defendant may waive his constitutional right to counsel and choose to represent himself. *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004). In *People v Anderson*, 398 Mich 361, 367-368; 247 NW2d 857 (1976), the Michigan Supreme Court held that a trial court must make three determinations before granting a defendant's initial request to waive his or her right to counsel. Specifically, the court must determine that "(1) the defendant's request is unequivocal, (2) the defendant is asserting the right knowingly, intelligently, and voluntarily after being informed of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business." *People v Willing*, 267 Mich App 208, 220; 704 NW2d 472 (2005). In addition, MCR 6.005 requires the court to advise the defendant "of the charge[s], the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation . . . ." MCR 6.005(D)(1). The court must also offer the defendant the opportunity to consult with a lawyer. MCR 6.005(D)(2).

Defendant waived his right to counsel before the district court at the probable cause conference. He now argues that district court did not strictly follow MCR 6.005's requirements and did not expressly make the findings required by *Anderson*. However, strict adherence to the waiver requirements set forth in *Anderson* and MCR 6.005(D) is not required; rather, the court needs to "substantially comply" with those requirements. *People v Campbell*, 316 Mich App 279, 284; 894 NW2d 72 (2016), overruled on other grounds by *People v Arnold*, 502 Mich 438; 918 NW2d 164 (2018). "Substantial compliance requires that the court discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures." *People v Adkins (After Remand)*, 452 Mich 702, 726-727; 551 NW2d 108 (1996), overruled on other grounds by *Williams*, 470 Mich 634. For the reasons stated below, we conclude that the district court satisfied that standard.

At his arraignment before the district court, defendant was advised of the three initial charges against him and the possible penalties attached to those charges. He was also informed of his right to counsel. At the probable cause conference, the district court inquired whether defendant wished to proceed without an attorney. Defendant explained that he believed accepting a court-appointed attorney would subject him to the court's jurisdiction, which he disputed. The district court explained to defendant that "whether you have a lawyer or not doesn't have anything to do with jurisdiction," that he was being charged with "some pretty serious offenses" and that it can be difficult for non-lawyers to understand and apply the law and the rules of evidence. The district court asked defendant repeatedly if he wanted help or assistance from an attorney during trial. Ultimately defendant decided that he did not want a lawyer at that time. The court discerned that defendant was interested in having standby counsel, and defendant was appointed standby counsel who was present for the remainder of the proceedings.

Defendant first argues that the district court failed to advise him of the specific charges and the possible penalties in accordance with MCR 6.005(D)(1). However, defendant was previously provided that information at the district court arraignment. Under those circumstances, the district court's reference to the "serious offenses" that defendant was being charged with was sufficient for substantial compliance with MCR 6.005(D)(1). See *Adkins*, 452 Mich at 731. Next, defendant asserts that the district court failed to sufficiently advise him of the dangers of self-representation. We disagree, given that the court repeatedly emphasized the risk of self-representation. It is also clear from the record that the court effectively communicated that risk because defendant began inquiring about being appointed standby counsel.

The district court did not expressly make the three *Anderson* findings outlined above, but the court was not required to do so "word-for-word." *Adkins*, 452 Mich at 727. Defendant specifically challenges the court's failure to find that his self-representation would not be disruptive, unduly inconvenient, or burdensome. While the court did not address this matter, the court was possibly assuaged by defendant's interest in receiving standby counsel. See *McKaskle v Wiggins*, 465 US 168, 184; 104 S Ct 944; 79 L Ed 2d 122 (1984) (explaining that standby counsel may be appointed to "relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals."). In any event, we agree with the prosecution that the district court's lack of strict compliance with *Anderson* was at least in part attributable to defendant's repeated assertion that the was an "American National" and not subject to the court's jurisdiction.

In sum, we conclude that the district court substantially complied with *Anderson* and MCR 6.005. The court engaged in a "short colloquy" with defendant and found that defendant could represent himself in the case. *Adkins*, 452 Mich at 727. Defendant was informed of the risk of self-representation and decided to represent himself with the help of standby counsel. We are satisfied that defendant's waiver of counsel was knowing, intelligent, and voluntary.

Defendant also challenges the district and circuit court's failure to advise him of his continuing right to counsel at every subsequent proceeding as required by MCR 6.005(E). However, the district court confirmed with defendant on multiple occasions that he did not want a lawyer's assistance, see MCR 6.005(E)(1), and prior to trial the circuit court spoke with

defendant at length regarding his continuing right to counsel and explained to him the dangers of self-representation at which time defendant reiterated his wish to proceed without counsel.

Defendant next argues that his waiver of counsel was rendered ineffective when the charge of felony-firearm was added. A valid waiver remains in effect at subsequent proceedings unless defendant requests counsel or a "change of circumstances [occurs] that would suggest that the district court should make a renewed inquiry of the defendant." *United States v McBride*, 362 F3d 360, 367 (CA 6, 2004). When charges are added that increase the maximum possible punishment, a trial court should explain the new potential penalty to the defendant and confirm that the defendant wants to continue with self-representation. This will ensure that a defendant's waiver of counsel remains knowing and intelligent. While the trial court did not conduct a full colloquy, we are convinced after a review of the entire record that reversal is not required in this case because defendant learned of the new possible penalty and subsequently reaffirmed his decision to waive counsel.

Defendant was present at the pretrial hearing when the trial court granted the prosecutor's motion to amend the information. He personally advocated for himself and was clearly aware of what the prosecutor was requesting. Although the two-year mandatory sentence for felony-firearm was not mentioned, standby counsel stated on the record that he had discussed the new charge and its penalties with defendant. Indeed, defendant does not assert that he did not know that felony-firearm carried a mandatory sentence, nor does he dispute that he received a copy of the amended information containing the possible sentences. Thus, the record demonstrates that defendant was aware of the penalty attached to felony-firearm when he reaffirmed his decision to waive counsel on the first day of trial. We therefore remain convinced that defendant's waiver of counsel was knowing and intelligent. Under the unusual circumstances of this case, the trial court's failure to reference the mandatory two-year term to defendant does not warrant reversal.

## IV. SUFFICIENCY OF THE EVIDENCE

Defendant contends that the prosecution failed to produce sufficient evidence demonstrating that he possessed the handgun found in the vehicle. We disagree.[3]

To convict a defendant of felony-firearm, the prosecution must prove that "the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Bass*, 317 Mich App 241, 269; 893 NW2d 140 (2016). Similarly, to convict a defendant of carrying a concealed weapon in a vehicle, the prosecution must prove beyond a reasonable doubt: "(1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, and (3) that he was 'carrying' it." *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999). The "carrying" element of CCW has been equated to possession. *People v Butler*, 413 Mich 377, 390 n 11; 319 NW2d 540 (1982).

---

[3] We review de novo challenges to the sufficiency of the evidence. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). We view the evidence "in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *Id.*

Possession of a firearm may be actual or constructive. *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). The prosecution's theory in this case was that defendant had constructive possession of the firearm. A defendant has constructive possession of a firearm "if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Hill*, 433 Mich 464, 47-471; 446 NW2d 140 (1989).

There was sufficient evidence from which a reasonable jury could infer that defendant knew the firearm was in the vehicle. One of the officers observed a handgun magazine in the vehicle's center console—a location where it was clearly visible to defendant—and the magazine matched the firearm found in the glovebox. Further, defendant was familiar with the weapon because he had purchased it for his wife. She testified that she sometimes kept the gun in the glovebox, but denied that defendant would have reason to know that. Her testimony did not, however, convince the jury and the jury was "free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). Given that the firearm was found in the vehicle's glovebox, there was also sufficient evidence showing that the firearm was reasonably accessible to defendant. Accordingly, there was sufficient evidence from which a reasonable jury could find constructive possession.

## V. HABITUAL OFFENDER

Finally, defendant contends in his Standard 4 Brief that he was wrongly convicted as a third habitual offender because he did not have two prior convictions that could be used to enhance a sentence. We disagree.[4]

MCL 769.11 provides that a criminal defendant's sentence may be enhanced after a subsequent conviction "[i]f a person has been convicted of any combination of 2 or more felonies or attempts to commit felonies . . . ." MCL 769.11(1). The existence of a prior conviction is determined by the court and may be established by information contained in the presentence report. MCL 769.13(5)(d).

As documented by the presentence report, defendant was convicted of two prior offenses that could be used to enhance his sentences. In 2001, defendant was convicted of assaulting, resisting, or obstructing an officer, which is a felony. MCL 750.479(2). In 2000, defendant was convicted of attempting to flee or elude an officer. Although defendant's conviction for attempted fleeing or eluding is a misdemeanor, the underlying crime is a felony. MCL 750.479a(2). Therefore, that conviction is an "attempt to commit [a felony]" that may be used to enhance a sentence under MCL 769.11(1). While defendant is factually correct that he has only

---

[4] We review a trial court's decision to impose an increased sentence pursuant to the habitual offender act for an abuse of discretion." *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018). The trial court's factual findings at sentencing are reviewed for clear error. *Mack*, 265 Mich App at 125.

ever been convicted of one felony, he nonetheless has two prior convictions supporting a third habitual offender designation.

Affirmed.


/s/ Douglas B. Shapiro
/s/ Jane M. Beckering
/s/ Michael J. Kelly