*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 23, 2024
2:58 PM

Plaintiff-Appellee,

v

No. 365073
Wayne Circuit Court
LC No. 22-003454-01-FH

CORNELL EUGENE HARKINS,

Defendant-Appellant.

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant was convicted at a bench trial of carrying a concealed weapon (CCW) in a vehicle, MCL 750.227. Defendant challenges the sufficiency of the evidence. We affirm.

In February 2022, defendant failed to stop at a stop sign, and was pulled over by Detroit Police Officers, Lenin Amarante and Mychael Canada. Defendant took more than 10 seconds to come to a stop. When the officers approached the car, they saw defendant in the driver's seat and a passenger lying down in the back seat. Officer Canada saw an opened bottle of liquor on the passenger's side floor. When Officer Amarante went to the passenger side window, defendant initially began to roll it down, rolled it back up, and then rolled it back down again. Officer Amarante also saw potential narcotics in the center console of the vehicle when defendant opened and shut the console two times.

The officers had defendant get out of the vehicle, which defendant did not initially want to do. Then Officer Amarante searched the car. Officer Amarante saw a partially-filled bottle of alcohol lying on the floor mat of the front passenger seat, along with a handgun, which was visible with the handle facing toward the driver's side of the vehicle. Although there were items around the gun, nothing was covering it. The gun had one bullet in the chamber and was within reach of where defendant had been sitting in the driver's seat, but not within reach of the backseat passenger. The gun was not registered to anybody. The officers learned that defendant did not have a concealed pistol license and subsequently arrested him. On the way to the detention center, defendant spontaneously stated to the officer that Michigan was an "open carry State." According

to Officer Canada, defendant also asked, "[W]ould it have mattered if the gun had bullets or was in the trunk of the vehicle[?]"

At trial, after the prosecutor rested his case, defense counsel moved for a directed verdict, arguing that the passenger in the backseat was "suspicious" and would have been able to move to the backseat before the officers approached the car. The trial court denied the motion.

Defendant testified that he had not known that there was liquor or a gun in the vehicle. The prosecutor impeached him by asking about his previous guilty plea to identity theft and unlawful possession of a financial-transaction device. Defendant agreed that the passenger was in the backseat and that there were no front-seat passengers. Defendant admitted to lying to officers about having his driver's license and to arguing with officers about getting out of the vehicle.

The trial court found defendant guilty of CCW in a vehicle. As to whether defendant had knowledge of the gun and kept or carried the gun in the vehicle, the trial court found that defendant was in control of the vehicle and was the only person in the front seat. The trial court referred to officer testimony that, without questioning, defendant stated that Michigan was an open-carry state and asked if "having a gun unloaded in the truck [sic]" would have made a difference. The trial court found that the gun and alcohol were in plain sight, within reach of defendant, and so defendant's testimony that he was unaware of them was "incredible," especially considering his prior convictions for crimes involving dishonesty or theft.

Defendant now appeals.

Defendant argues that the trial court committed clear error in its factual determinations and that there was insufficient evidence to establish that defendant had knowledge of or carried the weapon. A "trial court's factual findings in a bench trial are reviewed for clear error." *People v Anderson*, 341 Mich App 272, 277; 989 NW2d 832 (2022). Clear error exists when this Court "is left with a definite and firm conviction" that the trial court made a mistake. *Id*. (cleaned up). Further, this Court reviews de novo whether there was sufficient evidence to support a conviction. *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008). "[T]his Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *Id*. We do "not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *Id*. at 619. "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *Id*.

First, defendant argues that the trial court erroneously found that defendant asked if having the gun "unloaded" would have made a difference, rather than asking, as Officer Canada testified, whether it would have mattered "if the gun had bullets." Accordingly, defendant argues that the testimony does not support the trial court's inference that defendant knew that the gun was loaded.

Whether the trial court thought that defendant asked about the gun being loaded or unloaded does not affect the trial court's verdict. Defendant's inquiry into the status of the gun is incriminating in itself, particularly when viewed in the context of defendant stating that Michigan is an open-carry state. Defendant would have had no reason to ask about the proper way to carry or transport a gun if he had no knowledge of or control over how this gun was being carried.

Next, defendant argues that the trial court clearly erred by finding that the gun was in plain view because there was no evidence that the gun was in plain view from defendant's vantage point. Specifically, defendant argues that Officer Amarante's body camera footage shows a pile of trash covering the gun. On the contrary, the footage supports the trial court's finding. The footage shows that there were items surrounding the gun, and a plastic bag or paper towel roll potentially above a small portion of the handle, but the gun was visible as soon as Officer Amarante opened the passenger door. Further, Officer Amarante testified that the gun was not covered. Accordingly, the trial court did clearly err by finding that it was in plain view. See *Anderson*, 341 Mich App at 277.

Ultimately, there was sufficient evidence to support the CCW conviction. The elements of CCW in a vehicle are: "(1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, (3) that he was 'carrying' it." *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999) (cleaned up). Defendant does not dispute the first element.

Defendant argues that there was not enough evidence to suggest that he knew of the gun's presence in the vehicle. The record, however, presents ample circumstantial evidence from which a reasonable trier of fact could find, beyond a reasonable double, that defendant had knowledge of the gun. "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *Kanaan*, 278 Mich App at 622. On appeal, defendant repeatedly asserts that the gun was "underneath" the passenger seat, but the body camera footage clearly shows that it was on the passenger's side floor. The gun was visible and accessible to defendant, who testified nobody else was in the front of the vehicle. The visibility of the gun, defendant's statements, and defendant's act of rolling up the window when Officer Amarante approached support the trial court's reasonable inference that defendant had knowledge of the gun.

As to the "carrying" element, defendant argues that there was another individual in the car, and he did not own the car. Factors to consider may include the accessibility or proximity of the weapon to the defendant; the defendant's knowledge that the weapon was in the vehicle; a defendant's possession of items that connect him or her to the weapon, including ammunition; ownership of the vehicle; and the length of time that the defendant occupied the vehicle. *People v Butler*, 413 Mich 377, 390 n 11; 319 NW2d 540 (1982).

The weapon was within reach of defendant, with the handle facing him, and it was not accessible to the back-seat passenger. Although there was no evidence presented about defendant possessing ammunition or other items connected to the gun or the amount of time defendant possessed the car, defendant's argument that he did not own the gun or vehicle does not overcome the evidence that defendant was "carrying" or keeping the gun in the vehicle. Defendant himself testified that there were no passengers in the front seat, and defendant's statements about proper

-3-

transportation of a gun suggest that he had control over it. Therefore, there was sufficient evidence to support defendant's conviction.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle