PEOPLE v ZUCCARINI

Docket No. 99717. Submitted June 7, 1988, at Detroit. Decided October 3, 1988. Leave to appeal applied for.

David M. Zuccarini was convicted of possession of cocaine in an amount of 50 grams or more but less than 225 grams following a bench trial in Detroit Recorder's Court, James R. Chylinski, J., and was sentenced to ten to twenty years imprisonment. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's contentions that he was illegally arrested and that his subsequent statements to the police telling where cocaine was located in his home should have been suppressed as fruit of the poisonous tree stemming from his illegal arrest during the execution of the search warrant are rejected. Defendant was lawfully detained at the time of the search. He was not arrested until after the cocaine was found.

2. The search warrant was not overly broad in authorizing the police to search for all money and property acquired through the trafficking of narcotics and for ledgers, records, or paperwork showing trafficking in narcotics, for paperwork showing residency, and for all firearms. Probable cause existed to allow such breadth of description.

3. The police officers who executed the search warrant sufficiently complied with the "knock and announce" statute.

4. The record does not support defendant's claim that, in sentencing defendant, the trial court considered defendant's guilt on another charge or an offense of which defendant was found not guilty. Defendant is not entitled to resentencing.

Affirmed.

KELLY, P.J., concurred in affirming defendant's conviction but would remand for resentencing. He would hold that, in sentencing defendant, the trial court impermissibly assumed that defendant was guilty of possession of cocaine with intent to

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Am Jur 2d, Searches and Seizures §§ 73 *et seq.,* 84 *et seq.,* 92 *et seq.*

What constitutes compliance with knock-and-announce rule in search of private premises—state cases. 70 ALR3d 217.

deliver although it had previously found defendant not guilty of that charge. He would also hold that the trial court also improperly considered the possibility of defendant's early release from prison when it sentenced defendant. He would remand for resentencing under a new provision which reduced the minimum penalty for this offense from ten years to five years.

1. SEARCHES AND SEIZURES — DETENTION OF OCCUPANTS OF PREMISES.
    A warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted.

2. SEARCHES AND SEIZURES — WARRANTS — DESCRIPTIONS OF ITEMS TO BE SEIZED.
    The purpose of the requirement that a search warrant describe with particularity the items to be seized is to provide reasonable guidance to the executing officers and to prevent their exercise of undirected discretion in determining what is subject to seizure; the degree of specificity required depends on the circumstances and types of items involved (MCL 780.654; MSA 18.1259[4]).

3. SEARCHES AND SEIZURES — WARRANTS — GENERAL DESCRIPTIONS — PROBABLE CAUSE.
    A general description such as "weapons" in a search warrant is not overly broad if probable cause exists to allow such breadth.

4. SEARCHES AND SEIZURES — EXECUTION OF SEARCH WARRANT — "KNOCK AND ANNOUNCE" REQUIREMENT.
    The entry into a house or building by police executing a search warrant is lawful if they have substantially complied with the requirements of the "knock and announce" statute (MCL 780.656; MSA 28.1259[6]).

5. CRIMINAL LAW — SENTENCING — IMPERMISSIBLE CONSIDERATIONS.
    A sentencing judge is not permitted to make an independent finding of a defendant's guilt on another charge or to consider an offense of which the defendant was found not guilty in order to justify a sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Susan Randolph,* Assistant Prosecuting Attorney, for the people.

*Douglas Hamel,* and *Frank Singer,* of Counsel, for defendant on appeal.

Before: KELLY, P.J., and GRIBBS and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. Following a bench trial, defendant was convicted of possession of cocaine in an amount of 50 grams or more, but less than 225 grams, MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii). He was sentenced to ten to twenty years' imprisonment. Defendant appeals as of right, seeking resentencing and challenging the admissibility of evidence seized and statements he made during the execution of a search warrant at his home on August 15, 1986. We affirm.

Defendant first claims that his statements on where the cocaine was located in his home should have been suppressed as the "fruit of the poisonous tree" stemming from his illegal arrest during the execution of the search warrant. Defendant raised this issue in a pretrial motion to suppress the statements, and the parties agreed that the trial court could rule on the motion as an evidentiary objection during the course of the bench trial. The court found that defendant was lawfully detained, and not arrested, at the time of the search, and we can find no clear error in this finding. See *People v Toodle,* 155 Mich App 539, 542-543; 400 NW2d 670 (1986).

In *Michigan v Summers,* 452 US 692, 705; 101 S Ct 2587; 69 L Ed 2d 340 (1981), the United States Supreme Court held that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the

* Circuit judge, sitting on the Court of Appeals by assignment.

occupants of the premises while a proper search is conducted."

Here, defendant was the first of five individuals at his home with whom the police came in contact during the execution of the warrant. His detention and handcuffing occurred at a time when the police were attempting to gain control over the area to be searched. According to Officer Patricia Goulah, she took control of defendant outside the house near the back door while other officers went inside. After defendant assisted her in chaining up three dogs in the yard, Officer Goulah handcuffed defendant mainly for safety reasons and because she heard what sounded like a lot of people running inside the house. Officer Goulah then took defendant inside the house where the officer in charge, Corporal Hohl, advised defendant of his *Miranda*[1] rights and explained the search warrant to him. Afterwards, defendant showed Corporal Hohl where the cocaine was located.

This evidentiary record supports the trial court's finding that defendant was detained but not arrested. We conclude that Officer Goulah's handcuffing of defendant was a reasonable, limited intrusion of his liberty under the circumstances then present. The search for narcotics is the kind of transaction which may give rise to sudden violence, and the minimization of risk of harm to both the police and the occupants by exercising unquestionable command over the situation is a legitimate interest which must be considered in determining whether the detention was justified. 452 US 702. At trial, Officer Goulah articulated sufficient facts to justify her safety concern. Once inside the house, the fact that defendant was then advised of his *Miranda* rights by Corporal Hohl did

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

not necessarily mean that he was under arrest. See *People v Hill,* 429 Mich 382, 394; 415 NW2d 193 (1987) (discussing the focus test applied by some panels of this Court to the issue of whether a *Miranda* warning was required at the time of the search in this case). To the contrary, the testimony introduced prior to the court's ruling indicated that Corporal Hohl sufficiently informed defendant that whether or not he would be arrested depended on the result of the search.

Since we affirm the trial court's finding that defendant was not arrested, it follows that we must reject defendant's argument that his statements and other evidence seized were inadmissible as the "fruit of the poisonous tree" stemming from an illegal arrest.

Defendant also claims that the evidence of the items seized should have been suppressed because the warrant was overly broad. We disagree. Under both federal constitutional law and Michigan search and seizure law, the purpose of the particularization requirement in the description of items to be seized is to provide reasonable guidance to the executing officers and to prevent their exercise of undirected discretion in determining what is subject to seizure. MCL 780.654; MSA 28.1259(4); *People v Taylor,* 93 Mich App 292; 287 NW2d 210 (1979), lv den 408 Mich 928 (1980); *United States v LeBron,* 729 F2d 533, 536 (CA 8, 1984). The degree of specificity required depends on the circumstances and types of items involved. *United States v Kail,* 804 F2d 441, 445 (CA 8, 1986).

We have considered each of defendant's objections to the descriptions in the search warrant and conclude that the warrant, on its face, was not overly broad. The descriptions "All money and property acquired through the trafiking [sic] of narcotics" and "Ledgers, records or paperwork

showing traffiking [sic] in narcotics" were suffi-
ciently particular to pass constitutional muster
since the executing officers' discretion in determin-
ing what was subject to seizure was limited to
items related to drug trafficking. See *LeBron, su-
pra,* p 538 (noting that a reference in a warrant to
the specific illegal activity gives a substantial limi-
tation to the executing officers' discretion); *United
States v Savoca,* 761 F2d 292 (CA 6, 1985), cert den
474 US 852 (1985) (warrant commanding seizure of
"US Currency" not overly broad where there is
probable cause to support that breadth). The war-
rant here was supported by an affidavit setting
forth probable cause to believe that defendant's
house was being used for illegal drug trafficking
and that defendant was involved in this activity.
Testing the description in the warrant of the items
to be seized, as we must, in a "commonsense and
realistic manner," *United States v Gomez-Soto,*
723 F2d 649, 653 (CA 9, 1984), cert den 466 US 977
(1984), it is clear that the officers' discretion was
limited to searching for items connected to that
illegal activity.

Defendant's objection to the description "Paper-
work showing residency" is similarly without
merit since the description provided a substantial
limitation on the executing officers' discretion. See
*United States v Honore,* 450 F2d 31, 33 (CA 9,
1971), cert den 404 US 1048 (1972). Finally, we
find that the description "All firearms" was not
overly broad since specific facts were alleged in the
affidavit indicating that the house was the site for
drug trafficking, and it was further alleged that
firearms are often kept by persons involved in
drug use for protection and potential use during
drug transactions. A general description, such as
"weapons," is not overly broad if probable cause
exists to allow such breadth. *Savoca, supra,* p 298.

Defendant next contends that the seized evidence should have been suppressed because, it is claimed, the executing officers did not comply with the "knock and announce" statute, MCL 780.656; MSA 28.1259(6). Defendant did not raise this issue below and, thus, it is not properly preserved for appeal. *People v Juarez,* 158 Mich App 66, 71; 404 NW2d 222 (1987). In any event, the entry is lawful if there is substantial compliance with the requirements of the statute. *People v Slater,* 151 Mich App 432, 440; 390 NW2d 260 (1986), and see *People v Charles Brown,* 43 Mich App 74, 90; 204 NW2d 41 (1972). The testimony on the manner in which the executing officers entered defendant's house after identifying themselves to defendant as he stood outside the back door demonstrates sufficient compliance with the statute, as applied to defendant's rights.

Finally, we find no merit in defendant's claim that he is entitled to resentencing. While it is true that a sentencing judge is not permitted to make an independent finding of defendant's guilt on another charge, or to consider an offense of which defendant was found not guilty, and to use that as a basis for justifying a sentence, *People v Glover,* 154 Mich App 22, 45; 397 NW2d 199 (1986), lv den 430 Mich 867 (1988), the trial court here did not make an independent finding of defendant's guilt. As noted by defendant on appeal, the trial court's remarks were responsive to the argument made by defendant's attorney at sentencing. Further, while the trial court did discuss drug sales, in the context of the factual record developed below the court did not say defendant made the sales. The record does not support defendant's claim that the trial court considered an inappropriate factor to justify the sentence and, thus, he is not entitled to resentencing.

Affirmed.

Gribbs, J., concurred.

Kelly, P.J. *(concurring in part and dissenting in part).* I concur in affirming the defendant's conviction but I would remand to the trial court for resentencing. The offense took place August 15, 1986. Defendant was tried in February of 1987 and was sentenced March 3, 1987.

At sentencing the court stated:

> These drugs—the amount of drugs and the packaging indicates that this was a business that was going on, sales were going on. Other people were getting there [sic] drugs in the past. Somebody had to give the drugs to Mr. Zuccarini. If that person were to sit in the jury box and see what affect [sic] the drugs had on him and him facing imprisonment, everybody would take it out on him; why did you start selling the drugs? Mr. Zuccarini is in the same posture. There are a lot of drugs around and eventually somebody—and I'm sure somebody who never used cocaine ended up with some of the drugs, and maybe two or three years or so, Mr. Zuccarini can sit in the jury box and see what affects [sic] the drug had on other people.
>
> * * *
>
> I am sentencing Mr. Zuccarini not because there is a war on drugs. I am sentencing Mr. Zuccarini because of his personal involvement in this case. The amount of drugs that's involved have gotten out of hand. It's a lot of drugs to have in someone's possession. Mr. Zuccarini had the choice all along to get involved or not to continue. You wonder when you make enough money to stop, and all along he had that choice to stop or continue and, apparently, it culminated in continuing.

The court then sentenced defendant to a term of ten to twenty years imprisonment.

The language used by the trial judge at sentencing clearly indicates that he assumed that defendant was guilty of possession of cocaine with intent to deliver and that he was sentencing defendant upon the assumption that defendant was selling cocaine. This same judge had previously found defendant not guilty of possession of cocaine with intent to deliver. A trial judge is not permitted to make an independent finding of guilt on another charge and to assert that guilt as the basis for a sentence, especially where the defendant was found not guilty of that charge. *People v Grimmett,* 388 Mich 590, 608; 202 NW2d 278 (1972); *People v Glover,* 154 Mich App 22, 45; 397 NW2d 199 (1986), lv den 430 Mich 867 (1988). The trial court made this impermissible assumption, so resentencing is required.

The court's comments that in two to three years or so the defendant could sit in the jury box also bother me. It is all too common for there to be some confusion on the part of a sentencing judge regarding when a defendant could be released from prison. Nonetheless the possibility of a defendant's early release is not a proper criterion for the trial court to consider when imposing a sentence. *People v Fleming,* 428 Mich 408, 422; 410 NW2d 266 (1987).

Effective March 30, 1988, 1988 PA 47 changed the penalty for this offense from ten to twenty years to five to twenty years and added a mandatory one year minimum. Under these circumstances I think defendant should be resentenced under the new penalty provision.

I would set aside defendant's sentence and remand to the trial court for resentencing.