# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TIMOTHY RAY PALACIOS II,

        Defendant-Appellant.

UNPUBLISHED
May 11, 2017

No. 331909
Missaukee Circuit Court
LC No. 2015-002731-FH

Before: SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of resisting and obstructing a police officer, MCL 750.81d(1), as a lesser offense of the charged offense of resisting and obstructing a police officer causing injury, MCL 750.81d(2). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to serve 24 to 180 months in prison. The jury found defendant not guilty of possession of alcohol in an open container, MCL 257.624a. Defendant appeals as of right, and we affirm.

Defendant's convictions are the result of an interaction that he had with Missaukee County Sheriff Deputy Jason Frolenko. Defendant was a backseat passenger in Zachary Hertzog's vehicle when Hertzog stopped to ask Frolenko for directions. Frolenko observed open alcohol containers in the vehicle and questioned the passengers. Defendant refused to provide identification or get out of the vehicle at Frolenko's request, and Frolenko then reached through the open window of the car to attempt to restrain defendant when he thought he observed defendant concealing something. He eventually drew his weapon and ordered defendant out of the car when he observed something that he mistakenly thought was a firearm. Defendant was subsequently arrested. According to defendant, he was cooperative, but according to Frolenko, he was not.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the evidence was insufficient to convict him of resisting and obstructing a police officer beyond a reasonable doubt. This Court reviews de novo a challenge

-1-

to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Due process[1] requires that evidence of every element of a crime be proved beyond a reasonable doubt in order to sustain a criminal conviction. *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979), citing *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970). To determine if the prosecutor produced evidence sufficient to support a conviction, this Court considers "the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010), quoting *People v Hardiman*, 466 Mich 417, 429; 646 NW2d 158 (2002). Direct and circumstantial evidence, as well as all reasonable inferences that may be drawn, are considered to determine whether the evidence was sufficient to sustain the defendant's conviction. *Hardiman*, 466 Mich at 429.

Defendant was convicted of resisting or obstructing a police officer under MCL 750.81d(1). Consequently, the prosecutor was required to demonstrate that (1) "the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer;" (2) "the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties;" and (3) "the officers' actions were lawful." *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014). The term "obstruct" includes the use or threatened use of physical interference or force or a knowing failure to comply with a command. MCL 750.81d(7)(a).

Defendant disputes that he resisted or obstructed Frolenko and that Frolenko's actions were lawful. With regard to resisting or obstructing, Frolenko testified that he viewed two open alcohol containers on the console between the front seats of a car in which defendant was a backseat passenger. Defendant stated that he witnessed Hertzog hand Frolenko the alcohol containers, and that Frolenko told defendant that he was investigating the open alcohol containers in the vehicle when he requested defendant's identification. Defendant twice refused to provide identification, and then refused to get out of the vehicle three times, responding with an expletive, after Frolenko observed a beer bottle near defendant's feet. Defendant admitted that he refused to provide identification or to get out of the vehicle, maintaining that he did not have to because he was not under arrest. However, the hindering of an officer conducting a criminal investigation constitutes obstruction, and a physical obstruction is not required. *People Pohl*, 207 Mich App 332, 333; 523 NW2d 634 (1994). A defendant may obstruct the police under MCL 750.81d(1) by failing to comply with a command to exit a vehicle. *People v Chapo*, 283 Mich App 360, 367-368; 770 NW2d 68 (2009). Thus, the evidence established beyond a reasonable doubt that defendant obstructed Frolenko.

Defendant argues that Frolenko's actions were not lawful. However, a citizen may be briefly stopped for investigation if a police officer has a "reasonable suspicion that criminal activity" may be taking place. *People v Oliver*, 464 Mich 184, 193; 627 NW2d 297 (2001). An investigatory stop "constitutes a seizure and requires specific and articulable facts" demonstrating "a reasonable suspicion" that the person under investigation "has committed or is

---

[1] US Const, Am XIV.

committing a crime." *People v Shankle*, 227 Mich App 690, 693; 577 NW2d 471 (1998). To evaluate whether an officer had reasonable suspicion to make an investigatory stop, the "totality of the facts and circumstances" is considered on a case by case basis. *People v Horton*, 283 Mich App 105, 109; 767 NW2d 672 (2009). "[A] reasonable suspicion should be based on "commonsense judgments and inferences about human behavior." *Id.*

Because Frolenko viewed open containers of alcohol, and open containers of alcohol in a vehicle is a crime,[2] he was authorized to investigate the possible criminal activity and ensure public safety. A temporary seizure of passengers is typically reasonable for the duration of the stop, until the stop "ends when the police have no further need to control the scene, and inform the driver and passengers they are free to leave." *People v Corr*, 287 Mich App 499, 507; 788 NW2d 860 (2010). As an occupant of the vehicle with open alcohol of which no one had claimed ownership, it was reasonable for Frolenko to question defendant, as he did the other passengers, in order to determine the extent of any crime and the identities of the perpetrators. Frolenko informed defendant that he was investigating the open alcohol in the vehicle. An officer conducting an investigative stop is "permitted to briefly detain the vehicle and make reasonable inquiries aimed at confirming or dispelling his suspicions." *People v Rizzo*, 243 Mich App 151, 156; 622 NW2d 319 (2000), quoting *People v Yeoman*, 218 Mich App 406, 411; 554 NW2d 577 (1996). As Frolenko attempted to investigate defendant as an occupant of the vehicle by requesting identification, defendant repeatedly refused. Frolenko then ordered defendant from the car after observing a second open beer bottle near defendant's feet. "A police officer may order occupants to get out of a vehicle, pending the completion of a traffic stop, without violating the Fourth Amendment's proscription against unreasonable searches and seizures." *Chapo*, 283 Mich App at 368, citing *Pennsylvania v Mimms*, 434 US 106, 111; 98 S Ct 330; 54 L Ed 2d 331 (1977); *Maryland v Wilson*, 519 US 408, 414-415; 117 S Ct 882; 137 L Ed 2d 41 (1997). Thus, there was sufficient evidence that Frolenko's actions were lawful.

Beyond this obstruction, there was additional evidence of resistance and obstruction. Frolenko said that defendant had an anxious, defensive, argumentative and aggressive demeanor and that he reached into the backseat with both arms in an attempt to restrain defendant from reaching what he thought might have been a dangerous item. Frolenko stated that defendant resisted by pulling on his arms and grabbing him. Frolenko then brandished his sidearm in response to hearing and seeing what he thought at time was a gun in the vehicle. Frolenko said that defendant was then cooperative until he was handcuffed, but then during a search pressed his hip against the car repeatedly so that Frolenko could not get to his pocket and resisted as he was being escorted to the police car. An officer may search for weapons "if the officer has a reasonable suspicion that the individual is armed, and thus poses a danger to the officer or to other persons." *People v Custer*, 465 Mich 319, 328; 630 NW2d 870 (2001), citing *Terry v*

---

[2] "[A] person who is an operator or occupant shall not transport or possess alcoholic liquor in a container that is open or uncapped or upon which the seal is broken within the passenger area of a vehicle upon a highway, or within the passenger area of a moving vehicle in any place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, in this state." MCL 257.624a.

-3-

*Ohio,* 392 US 1, 30-31; 88 S Ct 1868; 20 L Ed 2d 889 (1968). In *People v Jenkins*, 472 Mich 26, 34; 691 NW2d 759 (2005), a defendant's anxious presentation during questioning and a request for identification supported a finding that defendant was involved in criminal activity, and gestures and apparent nervousness are circumstances that may justify an officer's concern for safety. *People v Lewis*, 251 Mich App 58, 72; 649 NW2d 792 (2002). Here, accepting that there was open alcohol in the car, the occupants had attended a party, defendant was anxious and uncooperative and appeared to be hiding something, and Frolenko observed something that looked like a firearm, it was reasonable for Frolenko to conclude under the totality of the circumstances that defendant could be a source of danger to Frolenko and others and may have been committing a crime. It is not an unconstitutional seizure for an officer to secure or restrain a person for safety reasons. *People v Green*, 260 Mich App 392, 397-398; 677 NW2d 363 (2004). An officer may physically restrain an individual during an investigatory search in order to protect the police and the occupants of the surrounding area. *People v Zuccarini*, 172 Mich App 11, 14; 431 NW2d 446 (1988); *Green*, 260 Mich App at 397-398. It is "reasonable for passengers to expect that a police officer at the scene of a crime, arrest, or investigation will not let people move around in ways that could jeopardize his safety." *Corr*, 287 Mich App at 507. Thus, the evidence was sufficient to support the conclusion that Frolenko's initial search and seizure of defendant, including entering the vehicle with his arms, was lawful because it was justified under the circumstances; as Frolenko lawfully attempted to question defendant and then restrain defendant for safety reasons, defendant continued to resist and obstruct, and Frolenko had probable cause to arrest defendant and perform a valid search incident to arrest. MCL 764.15(1)(a). *Green,* 260 Mich App at 398; *People v Champion*, 452 Mich 92, 116; 549 NW2d 849 (1996).

Defendant argues that the recollection of events as detailed by the occupants of the car indicate that Frolenko's actions were not lawful and involved excessive force. They testified that defendant did not resist or act as if he were concealing anything as Frolenko grabbed his shirt and hit his face with his firearm out of frustration that defendant did not provide identification. Defendant also testified that he was cooperative while Frolenko "cracked" his wrists as he was being handcuffed and Frolenko tried to trip him as he walked him to the police car. Excessive-force claims are examined for reasonableness under the Fourth Amendment, balancing the "nature and quality" of the seizure with the interests of the police. *Graham v Connor*, 490 US 386, 396; 109 S Ct 1865; 104 L Ed 2d 443 (1989). The facts and circumstances of each case must be examined, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. Whether the use of force was reasonable is examined "from the perspective of a reasonable officer on the scene." *Id*. "If a police officer lawfully arrests an individual, he may use reasonable force if that individual resists." *People v Jones*, 297 Mich App 80, 89; 823 NW2d 312 (2012), quoting *Tope v Howe*, 179 Mich App 91, 106; 445 NW2d 452 (1989). Here, there was evidence to support the conclusion that the force that Frolenko used was not excessive where there was testimony that Frolenko applied a brief period of physical force in a situation where defendant was oppositional, and after Frolenko observed his movements and demeanor indicating that defendant was hiding something, and that in order to ensure the safety of all involved, Frolenko physically intervened in order to stabilize the situation by securing defendant, rather than waiting to see if he could convince defendant to

eventually comply with the investigative search. Notably, there was no evidence that defendant was injured.

Defendant presented his evidence for evaluation by the jury. The jury considered the evidentiary conflicts and evidently determined that Frolenko provided a credible version of events regarding defendant's obstruction. This Court will defer to the superior ability of the fact-finder to assess witness credibility and weigh the evidence. *People v Kanaan*, 278 Mich App 594, 619-620; 751 NW2d 57 (2008); *People v Jackson*, 178 Mich App 62, 65; 443 NW2d 423 (1989). Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence to support defendant's conviction.

## II. JURY INSTRUCTION

Defendant argues that the trial court failed to properly instruct the jury by omitting an element of the crime for which he was tried and that his counsel provided ineffective assistance in failing to object. Defendant's motion for a new trial on this basis was denied. This Court reviews a trial court's decision on a motion for a new trial for an abuse of discretion. *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *Id.*, quoting *People v Terrell*, 289 Mich App 553, 558-559; 797 NW2d 684 (2010). The Court reviews claims of instructional error de novo. *People v Perez*, 469 Mich 415, 418; 670 NW2d 655 (2003).

A criminal defendant has a constitutional right to have a jury determine his or her guilt from its consideration of every essential element of the charged offense. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011); *United States v Gaudin*, 515 US 506, 510; 115 S Ct 2310; 132 L Ed 2d 444 (1995). A defendant has the right to "a properly instructed jury." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995). "The trial court is required to instruct the jury with the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *Id.*

Here, defendant argues correctly that the trial court's instructions failed to include an element of the offense of resisting and obstructing—that the officer's actions were lawful. In *People v Moreno*, 491 Mich 38, 41, 51-52; 814 NW2d 624 (2012), the Court concluded that this was an element of the offense, "[c]onsistent[] with the common-law rule." The legality of the officers' actions are "an actual element of the crime of resisting or obstructing a police officer under MCL 750.81d," *People v White*, 498 Mich 935, 936 n 1; 871 NW2d 716 (2015), and "the lawfulness of an officer's arrest is an element of the offense on which the jury must be instructed." *People v Vandenberg*, 307 Mich App 57, 69 n 3; 859 NW2d 229 (2014).

Although this element should have been included in the instructions, defendant waived his right to appeal based on instructional error by twice expressly agreeing with the trial court's instructions. A waiver is the "intentional relinquishment or abandonment of a known right," and it extinguishes any error. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000). "When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver." *Kowalski*, 489 Mich at 503. "A defendant may not waive objection to an issue before the trial court and then raise it as an error on appeal."

*Carter*, 462 Mich at 214 (citation omitted). Defendant's explicit approval of the jury instructions waived any objection to the erroneous instructions. *Kowalski*, 489 Mich at 503.

Further, omitting an element of an offense from the jury instructions does "not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Id*. at 501 (emphasis in original). Even if the instructions are imperfect, there is no error if they fairly presented the issues to be tried and sufficiently protected the defendant's rights. *People v McFall*, 224 Mich App 403, 412-413; 569 NW2d 828 (1997). The Court will not find error requiring reversal or order a new trial for a claim of instructional error unless an error "resulted in a miscarriage of justice," which "occurs when an erroneous or omitted instruction pertained to a basic and controlling issue in the case." *People v Bartlett*, 231 Mich App 139, 144; 585 NW2d 341 (1998) (citations omitted).

Defendant argues that the instructional error deprived the jury of the ability to evaluate whether defendant lawfully resisted unlawful force by the arresting officer, referring to testimony from the occupants of the vehicle that defendant did not grasp Frolenko and that Frolenko was aggressive and frustrated. However, whether the officer's actions were lawful in grasping defendant was not a controlling issue in the case. The evidence indicated that defendant obstructed Frolenko's investigation prior to Frolenko entering the backseat. Defendant twice refused to provide identification and then refused to exit the vehicle three times, responding with an expletive, after Frolenko observed open alcohol in the car and a beer bottle near defendant's feet. "[H]indering an officer in the conduct of a criminal investigation" constitutes obstruction, and a physical obstruction is not required. *Pohl,* 207 Mich App at 333. A defendant may obstruct the police under MCL 750.81d(1) by failing to comply with a command to exit a vehicle. *Chapo*, 283 Mich App at 367-368. Thus, defendant obstructed Frolenko prior to Frolenko entering the backseat. As defendant notes, there is a credibility determination at issue over the actions that occurred while Frolenko was attempting to restrain defendant and after defendant was handcuffed. However, these discrepancies occurred after, unquestionably, defendant refused to provide identification or to exit the car for investigative purposes.

"Reversal for failure to provide a jury instruction is unwarranted unless it appears that it is more probable than not that the error was outcome determinative." *People v McKinney*, 258 Mich App 157, 163; 670 NW2d 254 (2003). Here, the trial court instructed the jury that obstructing the police meant a "knowing failure to comply with a lawful command" in accordance with MCL 750.81d(7)(a). Defendant admitted that he failed to comply with several of Frolenko's commands, which occurred before behavior by Frolenko that defendant claims may have been unlawful. Additionally, the jury heard defendant's explanations for his actions, and Frolenko's account, and had to determine whether defendant did not comply with a lawful command. Thus, the error would not have affected the outcome of the case.

Defendant further argues that his counsel provided ineffective assistance by failing to request an instruction that the prosecutor was required to demonstrate that the officer's actions were lawful. A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963 art 1, § 20. This "right to counsel encompasses the right to the effective assistance of counsel." *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). In order to demonstrate an ineffective assistance of counsel claim, a defendant must show (1) "that counsel's performance was deficient" and (2) "that counsel's

deficient performance prejudiced the defense." *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). The "effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). A counsel's performance is deficient if "it fell below an objective standard of professional reasonableness." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

The performance of defendant's trial counsel was deficient because he failed to request the proper jury instructions for the resisting and obstructing charge, and because he assented to the erroneous instruction of the jury. However, counsel's performance will only be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, "the result of the proceeding would have been different." *Jordan*, 275 Mich App at 667. Here, as discussed, defendant and Frolenko each testified unequivocally that defendant refused repeated instructions to provide his identification and to exit the vehicle, knowing that Frolenko was investigating the open alcohol containers that he discovered on the center console. There is no question but that the officer was acting lawfully at this point. Further, the jury was instructed that obstruction entailed not complying with a *lawful* command. Thus, an instruction that the prosecutor must prove the lawfulness of an officer's actions would not have changed the outcome of the trial.

## III. RIGHT TO PRESENT A DEFENSE

Defendant further argues that failing to instruct the jury that defendant had a right to resist police use of excessive force denied him a right to present a defense. The United States Constitution provides criminal defendants with the right "to present a complete defense." US Const, Ams VI, XIV; *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012). "Instructional errors that directly affect a defendant's theory of defense can infringe a defendant's due process right to present a defense." *People v Kurr*, 253 Mich App 317, 326-327; 654 NW2d 651 (2002).

As discussed, in *Moreno*, 491 Mich at 51, 57–58, while interpreting the resisting and obstructing a police officer statute, the Court reinstated the "common-law right to resist unlawful arrests." See also *Quinn*, 305 Mich App at 490. However, as discussed, defendant waived his right to seek appellate relief for erroneous jury instructions when he twice expressly agreed to them. *Kowalski*, 489 Mich at 503. Additionally, the jury was instructed that, in order for defendant to have obstructed the police, defendant must have failed to comply with a *lawful* command. Most significantly, the instruction would have contradicted defendant's primary argument, that he did *not* resist Frolenko, despite Frolenko initiating physical contact, other than by declining to provide identification and initially refusing to leave the vehicle, and that Frolenko's version that he did resist was inaccurate.

"Jury instructions must not exclude consideration of material issues, defenses, and theories for which there is supporting evidence." *Kurr*, 253 Mich App at 328. There must be evidence to support jury instructions about the "elements of the charged crimes," "material issues, defenses, or theories." *McKinney*, 258 Mich App at 162-163. Here, defendant argues that the evidence indicates that Frolenko acted with excessive force, beginning at the point when he reached through the window and grabbed defendant. However, both defendant and Frolenko stated that defendant refused multiple times to provide identification and get out of the vehicle

after learning that Frolenko was investigating the open alcohol containers and before Frolenko entered the vehicle. Thus, the evidence indicated that defendant obstructed Frolenko prior to the application of any force by Frolenko. Additionally, "[r]eversal for failure to provide a jury instruction is unwarranted unless it appears that it is more probable than not that the error was outcome determinative." *McKinney*, 258 Mich App at 163. Jury consideration of an excessive force instruction would not have resulted in a different verdict.

Further, defendant was not prohibited from presenting a lawful resistance to excessive force defense but simply chose a different defense strategy. Defendant did not request a lawful resistance to an unlawful arrest instruction. Defendant highlighted that Frolenko was aggressive but that defendant did not resist him and argued that the only evidence that he did resist was based on Frolenko's unreliable testimony. Defendant might have been entitled to the instruction had it been requested, but should not benefit from advocating for a different defense on appeal than was presented at trial.

Defendant further argues that his trial counsel provided ineffective assistance because he failed to request an "amended elements" instruction, presumably referring to the right to resist excessive force or an illegal arrest. However, due to the "calculated risks" necessary to defend difficult cases, defense counsel is given wide discretion in matters of trial strategy. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). Defense counsel's decisions are presumed to be sound trial strategy, *Taylor*, 275 Mich App at 186, and a reviewing court is not to substitute its judgment of trial strategy with the benefit of hindsight. *People v Matuszak,* 263 Mich App 42, 58; 687 NW2d 342 (2004). Defendant has not overcome the presumption that his trial counsel's apparent strategy to pursue the defense that he did not resist, rather than a defense that he resisted because of an illegal arrest, was sound trial strategy. Thus, the performance of defendant's trial counsel in this regard was not deficient. Further, as illustrated above, failing to request the instruction did not prejudice defendant because the evidence indicated that he obstructed Frolenko prior to any physical contact.

IV. OFFENSE VARIABLE 3

Next, defendant argues that the trial court erred in scoring offense variable 3 (OV 3). The Court reviews the trial court's factual determinations at sentencing for clear error, and the findings must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The interpretation and application of the legislative sentencing guidelines involve legal questions that this Court reviews de novo. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009).

"A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). A trial court relies on inaccurate information when it sentences a defendant by consulting an inaccurate advisory guidelines range. *Id*. at 89 n 7. The sentencing offense determines which offense variables are to be scored and then the appropriate offense variables are generally scored on the basis of the sentencing offense. *People v Sargent*, 481 Mich 346, 348; 750 NW2d 161 (2008). The trial court's determinations must be supported by a preponderance of the evidence. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008).

Defendant argues that the trial court improperly scored OV 3 at 10 points instead of zero points. OV 3 considers physical injury to a victim and is scored at 10 points when the victim of the crime incurred a "bodily injury requiring medical treatment," regardless of whether the victim was successful in obtaining treatment. MCL 777.33(1)(d); MCL 777.33(3). OV 3 is scored at five points for bodily injury not requiring treatment, MCL 777.33(1)(e), and at zero points where the defendant caused no bodily injury. In *People v Cathey*, 261 Mich App 506, 514; 681 NW2d 661 (2004), the Court defined bodily injury as "physical damage to a person's body."

There was evidence that defendant caused Frolenko's right elbow to hyperextend and press against the window frame. Frolenko stated that he had not had difficulty with his right arm before the altercation. He reported that his right arm required medical attention due to tingling and numbness in his hand and scrapes on his elbow, as well as bruising and swelling. Frolenko indicated that he had difficulty holding his pen while completing defendant's booking form, and was evaluated by a paramedic who referred him to the emergency room. According to Frolenko, the emergency room treated him with anti-inflammatory medication and ice, and the swelling and tingling subsided after a few days but sporadic symptoms remained for three to four weeks.

A preponderance of the evidence supported the conclusion that Frolenko experienced physical damage to his body in the form of bruising, swelling, numbness, and tingling that persisted and required treatment in the form of medication and ice. Defendant argues that Frolenko testified that he injured his right arm, when he also testified that he used his left arm to reach into the window and grasp defendant and that defendant grabbed his left arm. However, Frolenko also testified that he used both arms in an attempt to restrain defendant and this testimony was supported by defendant and another witness.

Defendant also points out that the jury did not convict him of resisting and obstructing a police officer causing injury, but the lessor offense of resisting or obstructing without causing injury. He asserts that this demonstrates that he did not injure Frolenko. However, a criminal conviction for causing injury would have required proof beyond a reasonable doubt, whereas an offense variable requires proof based on a preponderance of the evidence, making it possible that a jury could acquit even where an offense variable was proven. The trial court did not err in scoring OV 3 at 10 points.

## V. RESTITUTION

Lastly, defendant argues that the trial court erred in ordering restitution. This Court reviews a restitution order for an abuse of discretion. *People v Gubachy,* 272 Mich App 706, 708; 728 NW2d 891 (2006). Both the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.*, and the general restitution statute, MCL 769.1a, provide that sentencing courts "shall order" convicted defendants to "make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate." MCL 769.1a(2); MCL 780.766(2); *People v Garrison*, 495 Mich 362, 367; 852 NW2d 45 (2014). The purpose of restitution laws is "to enable victims to be compensated fairly for their suffering at the hands of convicted offenders." *Garrison*, 495 Mich at 368.

To determine the amount of restitution, "the court shall consider the amount of the loss sustained by any victim as a result of the offense." MCL 780.767(1). A calculation of the amount of loss that the victim sustained should be based on evidence. *People v Cross*, 281 Mich App 737, 738; 760 NW2d 314 (2008), citing *People v Guajardo,* 213 Mich App 198, 200; 539 NW2d 570 (1995). The prosecution must prove the amount of the victim's loss by a preponderance of the evidence. MCL 780.767(4).

The trial court ordered defendant to pay $342.99 in restitution, which was the amount paid by a worker's compensation insurer for Frolenko's treatment at the emergency room. Defendant again argues that the evidence does not support the conclusion that he caused the injury but, as discussed above, the trial court did not err in finding by at least a preponderance of the evidence that Frolenko's right arm was injured in his scuffle with defendant and that the injury required treatment. Defendant also argues that the injury to the worker's compensation insurer was not a direct result of his conduct, and that the payment would have been made without regard to whether defendant was the cause. However, the evidence demonstrated that defendant's conduct caused Frolenko to have to visit the emergency room and receive $342.99 in treatment that worker's compensation would not have had to pay if defendant had not injured Frolenko. The victims that are entitled to compensation are defined as those "who suffer[] direct or threatened physical, financial, or emotional harm as a result of the commission of a crime. . . . includ[ing] a sole proprietorship, partnership, corporation, association, governmental entity, or any other legal entity that suffers direct physical or financial harm as a result of a crime. MCL 780.766(1). In *People v Bell*, 276 Mich App 342, 346-348; 741 NW2d 57 (2007), the Court stated that an insurance company may be awarded restitution for money paid to a victim due to a defendant's criminal act and that the CVRA was a "mandatory provision of criminal law requiring the payment of restitution to the victims of crimes or to entities that have compensated those victims." Thus, it was proper to award restitution for the amount paid by the insurance company as a result of the injury that defendant caused.

Affirmed.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Elizabeth L. Gleicher