PEOPLE v COURIER

Docket No. 64504. Submitted October 14, 1982, at Escanaba.—Decided November 30, 1982.

Stephen M. Courier was convicted of carrying a weapon in a vehicle, Delta Circuit Court, Clair J. Hoehn, J. The weapon, a pistol, was discovered by police in plain view within the defendant's reach on the console of a van of which the defendant was the owner and sole occupant at the time of his arrest. Defendant appeals, challenging the sufficiency of the evidence to support the conviction. *Held:*

1. The evidence was sufficient to support the conviction. The proximity of the weapon to the person of the defendant, the owner and sole occupant of the van, was sufficient to establish both that the defendant knew of the presence of the weapon and that he was "carrying" it within the meaning of the statute.

2. The trial court's jury instructions were proper.

*Affirmed.*

1. Weapons — Carrying a Weapon in an Automobile.

To support a conviction for carrying a weapon in an automobile the prosecution must show (1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, and (3) that he was "carrying" it; the element of "carrying" is distinct from knowledge of the weapon's presence and does not automatically follow from proof of the defendant's knowledge (MCL 750.227; MSA 28.424).

2. Weapons — Carrying a Weapon in an Automobile.

Factors to be considered in evaluating the sufficiency of the evidence against a defendant charged with carrying a weapon in an automobile include, *inter alia,* the proximity of the weapon to the person of the defendant and the defendant's

References for Points in Headnotes

[1, 2] 79 Am Jur 2d, Weapons and Firearms §§ 13, 26.

Statutory presumption of possession of weapon by occupants of place or vehicle where it was found. 87 ALR3d 949.

ownership or operation of the vehicle; the evidence was sufficient to show both knowledge and carrying of a weapon where the weapon was in plain view within reach of the defendant who was the owner of the vehicle and its sole occupant at the time of his arrest.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Steven L. Pence,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

*Green, Renner, Weisse, Rettig, Rademacher & Clark* (by *Richard C. Clark),* for defendant on appeal.

Before: D. F. WALSH, P.J., and ALLEN and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant appeals his February 25, 1981, jury conviction of carrying a weapon in a vehicle, contrary to MCL 750.227; MSA 28.424. Sentenced to one year probation and 30 days in the county jail, to be served after appeal, defendant appeals of right.

On July 24, 1980, two state police officers sighted a van stopped in the traveled portion of US 2 and 41 at approximately 1:15 a.m. Having turned on the police spotlight to illuminate the interior of the van, Officer LaLonde approached the vehicle. He looked through the passenger window and saw a Luger pistol lying on the console of the van. His view of the gun was not obstructed in any fashion. Officer Shine testified that LaLonde called his attention to the pistol, and that he reached through the driver's window and retrieved the gun.

Defendant was sitting in the driver's seat, asleep, at the time he was approached by the

officers. Both officers testified that defendant was extremely intoxicated.

At trial, defendant claimed that he was so intoxicated that he did not know of the presence of the gun and that it was so dark, as evidenced by the fact that the police needed to use "exceptionally bright" lights, that he did not see the gun when he got into the van earlier that night.

On appeal, defendant challenges the sufficiency of the evidence to sustain a conviction. He claims that no evidence was presented to show that he was "carrying" the weapon, or that he had knowledge of its presence. Defendant asserts that the established facts permit the inference only that he had been awake and operating the van before the police arrived on the scene.

To support a conviction for carrying a weapon in an auto, the prosecution must show: (1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, and (3) that he was "carrying" it. *People v Butler,* 413 Mich 377; 319 NW2d 540 (1982). *Butler* explicitly omitted consideration of the sufficiency of the evidence against the defendant in that case but clearly held that the element of "carrying" is distinct from knowledge of the gun's presence and does not automatically follow from proof of the defendant's knowledge. *Id.,* p 391. See also *People v Jerome I Smith,* 21 Mich App 717, 722; 176 NW2d 430 (1970).

In footnote 11, p 390 the *Butler* Court noted factors considered in other jurisdictions for evaluating the sufficiency of the evidence against a defendant charged with carrying a weapon in an auto. Factors noted included, *inter alia,* the proximity of the weapon to the person of the defendant and the defendant's ownership or operation of the

vehicle. We are persuaded that the evidence in the present case, viewed in a light most favorable to the prosecution, was sufficient to establish both the elements of knowledge and "carrying". The troopers' testimony showed that the weapon was in plain view on the console of the van within an arm's length of defendant. Defendant was the certified owner of the vehicle and was its sole occupant at the time of his arrest. The open display of the gun on the console makes defendant's asserted ignorance implausible. Defendant's exclusive control of the van, with the gun in plain view, was sufficient to establish that he knew of and was carrying the weapon.

We have considered defendant's challenge to the jury instructions and conclude that the instructions were proper. The trial judge did not invite the jury to pile inference upon inference but merely instructed them upon the evidence. *People v McWilson,* 104 Mich App 550, 555; 305 NW2d 536 (1981).

Affirmed.