COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

              Plaintiff-Appellee,

v

TROY DOUGLAS TOMPKINS,

              Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 332076
Wayne Circuit Court
LC No. 15-009713-01-FH

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Defendant, Troy Douglas Tompkins, was convicted by a jury of carrying a concealed weapon (CCW) in a vehicle, MCL 750.227(2), and sentenced to 18 months' probation. We affirm.

On appeal, defendant's sole argument is that he was denied his constitutional right to the effective of assistance counsel because his trial counsel failed to request a jury instruction regarding the factors to be considered when determining whether he actually carried a weapon for purposes of MCL 750.227(2). Defendant claims that the trial court should have provided a jury instruction consistent with the Michigan Supreme Court's holding in *People v Butler*, 413 Mich 377, 390 n 11; 319 NW2d 540 (1982). Because his trial counsel did not challenge the trial court's failure to do so, defendant contends, a new trial is required. We disagree.

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "The question whether defense counsel performed ineffectively is a mixed question of law and fact[.]" *Id*. at 47. A trial court's findings of fact are reviewed for clear error. *Id*. Questions of law are reviewed de novo. *Id*. "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different. *Id*. at 51. "Counsel's performance should be evaluated at the time of the alleged error without the benefit of hindsight. A defendant must overcome a strong presumption that counsel's actions constituted sound trial strategy." *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016) (citations omitted).

First, we conclude that defendant's trial counsel's performance did not fall below an objective standard of reasonableness. Defendant's ineffective-assistance claim is premised on

-1-

his claim that the trial court should have provided additional instructions on the "carrying" element of the CCW charge. "The instructions must include all elements of the charged offense and must not exclude material issues, defenses, and theories, if there is evidence to support them." *People v Daniel*, 207 Mich App 47, 53; 523 NW2d 830 (1994). Defendant was convicted of CCW in violation of MCL 750.227(2), which, generally, prohibits a person from carrying a concealed weapon on or about his person in a vehicle operated or occupied by the person without a license to do so. "To support a conviction for carrying a weapon in [a vehicle], the prosecution must show: (1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, and (3) that he was carrying it." *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999) (citation and internal quotation marks omitted).

Here, the trial court instructed the jury as follows with respect to the elements of a CCW charge:

> The Defendant is charged in Count 1 with carrying a concealed weapon . . . . To prove this charge, the Prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> First, that a pistol was in a vehicle that Defendant was in.
>
> Second, that the Defendant knew the pistol was there.
>
> Third, that the Defendant took part in carrying or keeping the pistol in a vehicle.

The trial court's instructions in this regard are consistent with the applicable model jury instruction, M Crim JI 11.1, which provides as follows:

> (1) The defendant is charged with the crime of carrying a concealed pistol. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> * * *
>
> (4) First, that a pistol was in a vehicle that defendant was in.
>
> (5) Second, that the defendant knew the pistol was there.
>
> (6) Third, that the defendant took part in carrying or keeping the pistol in the vehicle. [Asterisk omitted.]

Because the jury instruction provided by the trial court and the model jury instruction are nearly identical, it is our view that the issues were fairly presented to the jury in a manner that sufficiently protected defendant's rights. *People v Brown*, 239 Mich App 735, 746; 610 NW2d 234 (2000). Consequently, any objection by defendant's trial counsel would have proved unsuccessful, and a defendant's ineffective-assistance claim cannot rely on counsel's failure to assert a meritless position. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Therefore, we conclude that defendant's trial counsel's performance did not fall below an objective standard of reasonableness.

Additionally, we conclude that, assuming counsel's performance did fall below an objective standard of reasonableness, there is not a reasonable probability that a different outcome would have resulted had trial counsel successfully argued in favor of the now-requested jury instruction. Defendant relies on our Supreme Court's opinion in *Butler*, 413 Mich at 390 n 11, where it identified several factors that might be considered when deciding "what circumstantial evidence is sufficient to sustain a conviction of carrying a concealed weapon in a motor vehicle," including

> (1) the accessibility or proximity of the weapon to the person of the defendant, (2) defendant's awareness that the weapon was in the motor vehicle, (3) defendant's possession of items that connect him to the weapon, such as ammunition, (4) defendant's ownership or operation of the vehicle, and (5) the length of time during which defendant drove or occupied the vehicle.

This Court has relied on these, as well as other relevant factors, in determining whether there was sufficient circumstantial evidence to sustain a conviction of carrying a concealed weapon in a motor vehicle on several occasions since. See, e.g., *People v Courier*, 122 Mich App 88, 90-91; 332 NW2d 421 (1982).

Here, had the jury been provided an instruction to consider these five as well as any other applicable factors, there is no reason to believe its verdict would have been any different. In fact, our review of the record leads us to believe that all five of the factors expressly identified in *Butler*, in addition to others, support the prosecution's, not defendant's, theory in this case. First, the weapon was found in a carrier case inside of a duffle bag in the backseat of a vehicle defendant was driving, and defendant was observed putting the duffle bag into the vehicle. Second, defendant was the individual carrying the duffle bag that included the weapon from the hotel to the vehicle and then driving the vehicle. Third, defendant possessed 42 rounds of the same caliber of ammunition as the weapon found in the duffle bag. Fourth, defendant expressly admitted that he drives the vehicle where the weapon was found. Fifth, defendant expressly admitted that he had been driving the vehicle where the weapon was found for at least two days prior to when the weapon was discovered. Consequently, it is our view that each of the five factors identified in *Butler* support the prosecution's theory in this case. Defendant's arguments on appeal—for example, that he did not have "clear access" to the weapon, that the door may or may not have been open when he was arrested, that he stood near the trunk, and that the weapon may have been inadvertently misplaced into the duffle bag during a reorganization of belongings—really have nothing to do with these factors and are speculative, post-verdict theories that are unsupported by the record. Therefore, we conclude that there is not a reasonable probability that a different outcome would have resulted had trial counsel successfully argued in favor of the now-requested jury instruction.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien