*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DANIEL SCOTT LEVACK,

      Defendant-Appellant.

UNPUBLISHED
March 26, 2019

No. 339663
Oakland Circuit Court
LC No. 2016-260775-FH

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Daniel Levack, appeals as of right his jury conviction of carrying a concealed weapon in a motor vehicle, MCL 750.227(2). Levack was sentenced to one year of probation, with 120 days to be served in jail. Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

This case arises out of police surveillance of a known drug dealer. The record reflects that a police officer observed Levack engage in an apparent hand-to-hand narcotics transaction in a restaurant parking lot. The officer relayed the description of Levack's vehicle to another officer, who eventually conducted a traffic stop of Levack's vehicle after observing Levack exceed the speed limit and fail to use his turn signal while turning. Levack's hands were shaking and he appeared nervous to the police officer. Additionally, the officer testified that he could smell the odor of fresh, unburnt marijuana. The officer asked Levack for permission to conduct a search, and Levack consented to a search of his person and his vehicle. During the search the officer found some marijuana cigarettes and some prescription pills in the pockets of Levack's shorts. Levack did not have a prescription for the pills. Inside the vehicle, the officer found a backpack containing a loaded handgun, a container with a small amount of marijuana, some containers with marijuana seeds and cigarettes, and some Michigan medical marijuana cards for caregivers and patients. Additional marijuana was found in a box on the floor on the passenger side of the vehicle. Levack was not charged with any drug offense.

At trial, Levack denied knowing that the gun was in his vehicle. He explained that he and his girlfriend were shooting on private property the day before, and his girlfriend had

mistakenly placed the gun in the wrong bag when they were finished. He was surprised when the police found the gun in his backpack because he did not realize it was there. He knew that he was not allowed to travel with marijuana and a gun together. Levack added that he was a medical marijuana patient and a caregiver, and he explained that the amounts in his possession were within legal limits. He also told the jury that he had been prescribed pain medication, but carried only a few pills at a time.

## II. EVIDENCE AT TRIAL

### A. STANDARDS OF REVIEW

Levack argues that he was denied a fair trial by the introduction of the evidence of the suspected drug transaction before the police followed and pulled him over, and the evidence that he possessed marijuana and several pills without a valid prescription. He also argues that the prosecution's introduction of this evidence constituted misconduct. In the alternative, Levack argues that his lawyer was ineffective for failing to object to the admission of the evidence and for failing to object to the prosecutorial misconduct. This Court reviews unpreserved issues for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). An error is plain if it is clear or obvious, and an error affects substantial rights if it is prejudicial, i.e., if it affects the outcome of the proceedings. *People v Jones*, 468 Mich 345, 355-356; 662 NW2d 376 (2003). Because Levack did not raise an ineffective-assistance claim in the trial court, our review is limited to errors apparent from the record. *People v Matuszak,* 263 Mich App 42, 48; 687 NW2d 342 (2004).

### B. ANALYSIS

Levack argues that the challenged evidence was inadmissible under MRE 404(b), which at the time of his trial provided[1]:

> (1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

> (2) The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting

---

[1] MRE 404(b)(2) was amended, effective January 1, 2018, to require 14-days written notice of the intent to offer evidence under MRE 404(b)(1), unless the court finds good cause for the late notice.

the evidence. If necessary to a determination of the admissibility of the evidence under this rule, the defendant shall be required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination.

We conclude that the evidence of the police surveillance before defendant was pulled over and the evidence of the drugs found in his possession during the search of his vehicle did not implicate MRE 404(b)(1).

In *People v Jackson*, 498 Mich 246, 250, 262; 869 NW2d 253 (2015), our Supreme Court held that there is no res gestae exception to MRE 404(b), but also clarified the scope of that rule, holding that it only applies to "other" acts evidence, meaning evidence unrelated to the "conduct at issue in the case." The Court explained:

> We begin with the plain language of MRE 404(b), [*People v*] *Duncan*, 494 Mich [713,] 723[; 835 n 399 (2013)], which, as set forth above, limits the rule's scope to "[e]vidence of other crimes, wrongs, or acts" that "are contemporaneous with, or prior or subsequent to the conduct at issue in the case" and may be offered "to prove the character of a person in order to show action in conformity therewith." Thus, by its plain terms, MRE 404(b) only applies to evidence of crimes, wrongs, or acts "other" than the "conduct at issue in the case" that risks an impermissible character-to-conduct inference. Correspondingly, acts comprised by or directly evidencing the "conduct at issue" are not subject to scrutiny under MRE 404(b). See, e.g., [*People v*] *Mardlin*, 487 Mich [609,] 616 n 10[; 790 NW2d 607 (2010)] (noting that "MRE 404(b) is not even implicated if the prosecution seeks to introduce logically relevant evidence of other acts performed by the defendant if the evidence does not generate an intermediate inference as to his character"), citing [*People v*] *VanderVliet*, 444 Mich [52,] 64[; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994)]; *People v Houston*, 261 Mich App 463, 468-469; 683 NW2d 192 (2004) aff'd on other grounds 473 Mich 399; 702 NW2d 530 (2005) (explaining that "MRE 404(b) was not implicated" in the admission of evidence that, three days before the charged offense, the defendant possessed a firearm like the one used in the charged offense, as such evidence "was directly relevant to identifying [the] defendant as the killer" and "did not operate through an intermediate inference"). Other jurisdictions are in accord with this understanding, aptly explaining that evidence of acts other than the charged conduct is "intrinsic" to that conduct and thus not subject to 404(b) scrutiny if the uncharged acts "directly prove[] the charged offense" or if they "were performed contemporaneously with" the charged offense and "facilitated [its] commission." *United States v Green*, 617 F3d 233, 248-249 (CA3, 2010) (quotation marks omitted); e.g., *State v Ferrero*, 229 Ariz 239, 243; 274 P3d 509 (2012); *State v Rose*, 206 NJ 141, 180; 19 A3d 985 (2011); *United States v Bowie*, 344 US App DC 34, 40; 232 F3d 923 (2000). [*Jackson*, 498 Mich at 262-263.]

In this case, the evidence of the police surveillance and apparent transaction at the restaurant was intrinsically related to the eventual stop of Levack's vehicle. The earlier events were logically relevant to explain why Levack became a focus of a police investigation and why the police wanted to conduct a traffic stop. It also helped explain the scope of the police conduct

-3-

and inquiries after Levack was pulled over, which went beyond a typical stop for a traffic violation. Moreover, the evidence was logically relevant to explain Levack's nervous behavior after he was stopped. Because the evidence of the activities and Levack's conduct at the restaurant was logically relevant to the "conduct at issue in the case," it did not constitute "other" acts evidence within the meaning of MRE 404(b)(1).

Levack next argues that the evidence should have been excluded under MRE 403, because it was unfairly prejudicial. Under MRE 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Unfair prejudice does not mean any prejudice, but refers to "the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994). As indicated, the challenged testimony was relevant to explain the circumstances that led to the police contact with Levack, and it was probative of his nervous demeanor during the traffic stop. To the extent that the evidence was prejudicial because it showed Levack's contact with a suspected drug dealer, the prejudicial effect of this evidence was significantly diminished by the fact that it was made clear to the jury that Levack was never charged with any drug offense. The jury was also informed throughout the trial that Levack was a licensed user and caregiver of medical marijuana. Consequently, on this record, Levack has not shown that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice.

Levack next asserts that it was unnecessary to introduce the evidence that he possessed marijuana and six prescription pills without a valid prescription. The marijuana and pills was related to the conduct at issue in the case because it was among the items found by the police during the same search that led to the discovery of the gun. Accordingly, this evidence also does not implicate MRE 404(b)(1). Further, this evidence was relevant to provide the jury with a complete understanding of the situation encountered by the police when they stopped and searched Levack's vehicle, particularly considering his nervous demeanor during the stop. Although the relevancy of the pills was minimal, their prejudicial effect also was low given that the number of pills was small, the jury was aware that Levack was not charged with any drug offense, and Levack explained that he had a prescription for pain medication. Furthermore, the prosecutor did not use Levack's possession of the pills to support an argument that he was guilty of the charged offense. Thus, contrary to Levack's assertions, the evidence did not unfairly portray him as a drug dealer. The trial court did not err by admitting the evidence.

Because the evidence was admissible, there is no merit to Levack's argument that the prosecutor improperly admitted the evidence. See *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999) (stating that a claim of "prosecutorial misconduct cannot be predicated on good-faith efforts to admit evidence"). Likewise, we see no merit in Levack's claim that his lawyer's assistance was constitutionally ineffective because his lawyer did not object to the admission of the evidence or to the alleged prosecutorial misconduct. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel."). Furthermore, the record indicates that Levack's lawyer's trial strategy relied on the evidence that Levack possessed legal marijuana and prescription medication. The evidence at trial indicated that Levack acted unusually nervous during the traffic stop. During closing argument, the prosecutor

attributed Levack's nervous behavior to his knowledge of the presence of the gun, but Levack's lawyer argued that the challenged evidence was the reason for Levack's nervousness. Indeed, during closing argument, Levack's lawyer stated, "I mean, he's a little nervous because he has medical marijuana on his person and he he's in Oakland County, right?" Levack's' lawyer then argued:

> Is he nervous? Well, yeah, I would be nervous too. . . . And again, he's got medical marijuana on him and oh my goodness, you know, even though he's allowed to have it by state law that can be a major issue, right?

Accordingly, it is clear that the defense trial strategy involved admission of the challenged evidence in order to advance the theory that Levack did not know there was a gun in his vehicle and was only nervous because he legally had marijuana on his person and in his vehicle. See *People v Courier*, 122 Mich App 88, 90; 332 NW2d 421 (1982) (to prove the crime of carrying a concealed weapon in a motor vehicle, the prosecution is required to prove that defendant knew or was aware of the presence of the weapon in the vehicle).

Although Levack requests that this Court remand this matter for an evidentiary hearing on his ineffective-assistance claim, he does not explain how the record should be further developed on this issue and he has not supported his request with an offer of proof. Therefore, he has not demonstrated that remand for an evidentiary hearing is warranted. See *People v McMillan*, 213 Mich App 134, 141-142; 539 NW2d 553 (1995).

## III. PROBATION CONDITIONS

Finally, Levack argues that the trial court erred by prohibiting his use or possession of marijuana while on probation. Levack argues that this restriction, even for purposes permitted by the Michigan Medical Marihuana Act, MCL 333.26421 *et seq.*, was improper. The prosecution, however, argues that this issue is moot. "A matter is moot if this Court's ruling 'cannot for any reason have a practical legal effect on the existing controversy.' " *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016) (citation omitted). Levack has completed his probationary term and has been discharged from probation. Because he is no longer on probation, there is no meaningful relief that this Court can grant with respect to the challenged condition of his probationary sentence. Accordingly, we decline to consider this issue because it is moot.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Jane M. Beckering
/s/ Michael J. Kelly