*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 15, 2022

Plaintiff-Appellee,

v

No. 359611
Berrien Circuit Court
LC No. 2021-001309-FH

ZAKARI MAURICE STANSBERRY,

Defendant-Appellant.

Before: GLEICHER, C.J., and MARKEY and RICK, JJ.

PER CURIAM.

The district court declined to bind Zakari Maurice Stansberry over for trial on weapons possession charges, finding that the prosecutor did not adequately establish that Stansberry knowingly possessed a handgun in his passenger's bag. The circuit court reinstated the charge of carrying a concealed weapon (CCW), MCL 750.227, and added charges of being a felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The evidence presented at the preliminary examination was insufficient to establish probable cause. We reverse and remand for dismissal of the charges.

## I. BACKGROUND

Berrien County Sheriff's deputies executed a traffic stop on a vehicle because its temporary paper license plate was unreadable. Stansberry was driving but could not produce his driver's permit. Mikayla Alexander sat in the front passenger seat with a red bag on the floor at her feet. The deputies directed Stansberry to exit the vehicle. The deputies then observed Alexander shove the red bag underneath her seat with her feet. One of the deputies instructed Alexander to step out of the vehicle and stand in front of the patrol car. Alexander repeatedly walked around the vehicle and almost walked into oncoming traffic several times. The deputy observed that Alexander looked extremely nervous.

The deputies could not ascertain the identity of the vehicle's true owner. Accordingly, they decided to have the vehicle towed and conducted an inventory search. Nothing was located on the driver's side of the vehicle. However, inside the red bag underneath the front passenger seat, a

-1-

deputy found a semiautomatic handgun. Stansberry and Alexander both indicated that the gun belonged to Alexander. Subsequent investigation established that Alexander purchased the weapon in February 2022.

Whether Stansberry knew the gun was in the vehicle is the point of contention in this case. At the preliminary examination, Berrien County Sheriff's Sergeant Thomas Dyer testified on direct:

> *Q.* . . . Did [Stansberry] advise that he knew that the gun was present in the vehicle?
>
> *A*. He did. He said that [Alexander] often carries it with [her]. . . .
>
> * * *
>
> *Q*. So you were confident that he knew about that gun being in the vehicle?
>
> *A*. Yes.

On cross-examination, defense counsel asked clarifying questions:

> *Q*. Mr. Stansberry told you . . . that he was aware that Ms. Alexander would sometimes carry a gun?
>
> *A*. Yes.
>
> *Q*. Did Mr. Stansberry specifically tell you that he was aware that [Alexander] had a gun at the time of the stop?
>
> *A*. He advised that he knew she had a gun.
>
> *Q*. Okay.
>
> So, [Stansberry] said, he was aware that [Alexander] owned a gun or that she had a gun?
>
> *A*. No, . . . his words were that he knew she had a gun. And that is why I went to ask, is it your gun or have you touched that gun and he advised that he had.
>
> * * *
>
> *Q*. Okay.
>
> And . . . when Mr. Stansberry said, he knew that Ms. Alexander had a gun, you read into that meaning that he knew that she had it at that time?
>
> *A*. Yes.
>
> *Q*. But he did not specifically state that?

-2-

*A.* He didn't say, I knew that [Alexander] had the gun at the time.

In denying the bindover, the district court reasoned:

I don't even know how [Stansberry] was charged with this. I mean, probable cause, even for the charging document is so low. There is certainly no preliminary examination testimony to say that [Stansberry] was ever in possession of a gun that was inside of a red bag that the other person claimed was theirs.

. . . [I]t was further determined that [Alexander] was the one who bought [the gun] in February. [Alexander] bought [the gun], in her bag under her seat. Everyone told everyone that it was [Alexander's]. [Alexander] may be something of carrying a concealed weapon in an auto - - I understand that [the prosecution's] argument is joint . . . constructive possession; [Stansberry] touched the gun at some point. [Stansberry] knew what it was. There was a Beamer on it, et cetera, et cetera. That means nothing for possession.

[*The Prosecutor*]. Your Honor, just - - just for the [CCW], your Honor, the requirements are that [Stansberry] carried it knowingly and he was transporting that in the vehicle knowing that [the gun] was in the vehicle.

[*The District Court*]. Are you arguing that [Stansberry] carried it knowingly?

[*The Prosecutor*]. Yes. [Stansberry] carried [the gun] in the vehicle.

[*The District Court*]. You [the prosecution] have very little credibility in my opinion now, based on your argument that that didn't exist at all in any of the testimony.

[Prosecutor], do not argue facts that don't exist. [Stansberry] didn't know that [the gun] was in - - it was never in his possession. [The gun] was in a car that wasn't [Stansberry's], under a seat that wasn't his, in a bag that wasn't his and bought by a different person.

The district court dismissed the CCW charge without prejudice and rejected adding the charges of felon-in-possession and felony-firearm.

The prosecution appealed to the circuit court, which reinstated the CCW charge and added the other weapons charges. The circuit court opined that the district court mistakenly determined that Stansberry was unaware of the handgun in Alexander's red bag simply because Stansberry did not directly tell Sergeant Dyer, "I knew that she had a gun in the red bag on the floorboard of the motor vehicle that she moved from the floorboard."

Stansberry filed a delayed application for leave to appeal the circuit court's ruling. This Court initially denied the application, but the Supreme Court remanded to this Court as on leave granted.

## II.  ANALYSIS

We review for an abuse of discretion a district court's bindover decision, as well as the circuit court's decision to reinstate the charges.  See *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016).  "The purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime was committed and whether there is probable cause to believe that the defendant committed it."  *People v Perkins*, 468 Mich 448, 452; 662 NW2d 727 (2003).  Probable cause "is established by evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt."  *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009).  Whether probable cause existed to bind over a defendant must be judged on the entire preliminary examination record, and the circuit court may not substitute its judgment for that of the district court.  *People v Orzame*, 224 Mich App 551, 557; 570 NW2d 118 (1997).  We must review the evidence in the light most favorable to the prosecution.  *People v Fairey*, 325 Mich App 645, 650; 928 NW2d 705 (2018).  But we must also be cognizant that the district court heard the evidence in person and we therefore cannot second guess the district court's credibility determinations.  *People v Anderson*, 501 Mich 175, 189; 912 NW2d 503 (2018).

To bind a defendant over on a charge of CCW, the prosecution must establish probable cause that (1) a weapon was present in a vehicle operated or occupied by the defendant, (2) the defendant knew or was aware of the weapon's presence, and (3) the defendant was carrying the weapon.  *People v Courier*, 122 Mich App 88, 90; 332 NW2d 421 (1982).  The elements of felon-in-possession are (1) the defendant is a felon (2) who possessed or carried a firearm (3) before his right to do so was formally restored under MCL 28.424.  *People v Bass*, 317 Mich App 241, 267-268; 893 NW2d 140 (2016).  The elements of felony-firearm are that (1) the defendant carried or possessed a firearm (2) during the commission or attempted commission of a felony.  *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

Possession of a firearm can be either actual or constructive.  *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012).  There was no suggestion that Stansberry actually possessed the weapon found in Alexander's red bag.  Rather, the prosecution argued that Stansberry constructively possessed the weapon.

> The test for constructive possession is whether the totality of the circumstances indicates a sufficient nexus between defendant and the contraband.  Although not in actual possession, a person has constructive possession if he knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.  [*Id*. at 91-92 (cleaned up).]

"Dominion or control over the object need not be exclusive.  [The Supreme] Court has described constructive possession of an article in the context of firearms as when there is proximity to the article together with indicia of control."  *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010) (quotation marks and citations omitted).  Proximity alone is insufficient; there must be proximity *and* indicia of control.

The evidence presented at the preliminary examination did not establish probable cause to believe that Stansberry constructively possessed the gun.  The gun was in a red bag located at

Alexander's feet. The placement of the bag, in addition to Alexander's movement of the bag, suggested that Alexander had control over the bag. Moreover, both Stansberry and Alexander indicated that the gun belonged to Alexander. While the evidence showed that Stansberry was in proximity to the gun, the evidence failed to reveal any indicia of control on Stansberry's part. Under the totality of the circumstances, Stansberry did not constructively possess the gun.

The prosecution argues that the evidence presented at the preliminary examination was sufficient to establish that Stansberry "carried" the gun. "Carry" is an active verb. The "application of the ordinary dictionary definition of the term 'carry,' mean[s] to transport or convey" from one place to another. *People v Green*, 260 Mich App 392, 404; 677 NW2d 363 (2004), overruled on other grounds *People v Anstey*, 476 Mich 436 (2006). Using this definition of "carry," this Court has held, effectuates the Legislature's intent to ban "the conveying of unlicensed pistols in motor vehicles." *Green*, 260 Mich App at 404. But the act of carrying must be knowing, just like the act of possession. *Id*. Our Supreme Court outlined factors that may be useful in determining whether a person carried a weapon in *People v Butler*, 413 Mich 377, 390 n 11; 319 NW2d 540 (1982):

> (1) the accessibility or proximity of the weapon to the person of the defendant,
> (2) defendant's awareness that the weapon was in the motor vehicle,
> (3) defendant's possession of items that connect him to the weapon, such as ammunition, (4) defendant's ownership or operation of the vehicle, and (5) the length of time during which defendant drove or occupied the vehicle.

The concept of "carrying" is similar to the concept of "possessing" and denotes intentional control or dominion over the weapon. *Id*.

The gun in this case was in a bag at the feet of the passenger. It was not easily accessible to Stansberry from his position. Stansberry had nothing in his possession to connect him to the weapon. Indeed, the evidence established that Alexander owned the weapon. Stansberry did not own the vehicle he was driving. Alexander indicated that the vehicle belonged to her sister. Two individuals who arrived on the scene also indicated that the vehicle belonged to their sister, although no one could prove ownership.

Most importantly, the evidence was insufficient to establish probable cause that Stansberry was aware that the gun was in the vehicle. Although Sergeant Dyer testified that Stansberry was aware the gun was in the vehicle, upon deeper questioning, he admitted that he read this meaning into Stansberry's statements. And Sergeant Dyer acknowledged that Stansberry never indicated that he "knew that [Alexander] had the gun *at the time*." (Emphasis added.)

Even when viewing the evidence in the light most favorable to the prosecution, a prudent person could not entertain a reasonable belief that Stansberry knew or was aware that the gun was in the vehicle. Although Stansberry was in proximity to the gun in the bag located on the floorboard of the passenger seat, the evidence failed to show Stansberry knowingly carried the gun in the vehicle.

Absent sufficient evidence to supporting the charge of CCW, there was no ground to bind Stansberry over on the charges of felon in possession and felony-firearm. Accordingly, the district

court correctly dismissed the charges and the circuit court improperly reinstated the CCW and added more charges.

We reverse and remand to the circuit court for dismissal of the charges. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Michelle M. Rick